**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2746-16T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

PAUL A. FOGLIA,

      Defendant-Appellant.

_____

Submitted September 12, 2018 – Decided  November 15, 2018

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 05-11-0464.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel, on the brief).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Paul Foglia appeals from the January 26, 2017 Law Division order denying his first petition for post-conviction relief (PCR) without granting an evidentiary hearing. On appeal, defendant raises the following single point for our consideration.

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE A [PRIMA FACIE] CASE WAS ESTABLISHED AS TO INEFFECTIVENESS OF TRIAL COUNSEL.

Having considered this argument in light of the record and applicable legal principles, we affirm.

We incorporate herein the facts set forth in State v. Foglia, 415 N.J. Super. 106 (App. Div. 2010), wherein we reversed defendant's convictions for murder and related charges because of widespread admission during his jury trial of impermissible N.J.R.E. 404(b) evidence. We also incorporate the facts set forth in State v. Foglia, No. A-0645-12 (App. Div. Nov. 19, 2014), wherein we affirmed defendant's convictions for the same offenses following a retrial, and affirmed the aggregate sentence of life imprisonment, with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Thereafter, in State v. Foglia, 221 N.J. 287 (2015), the Supreme Court denied defendant's petition for certification.

A-2746-16T2

Briefly, the convictions stemmed from defendant killing the mother of his on-again, off-again girlfriend by beating her to death. The victim "suffered a 'mosaic fracture' of her skull, caused by significant blunt force trauma, and her body bore other signs of a savage beating." Foglia, slip op. at 5. Defendant "had a long-standing, tumultuous relationship" with the victim's daughter and "had fathered two young children" with her. Id. at 4. The victim's relationship with defendant "was bitter and fueled by her belief that defendant was not good enough for her daughter and failed to provide for her and the children." Ibid. Although defendant initially told law enforcement he never left a nearby bar/restaurant where he worked the evening the victim was murdered in her home, "he subsequently provided a statement in which he admitted killing the victim, and testified at the first trial[1] that, he went to the victim's home in an attempt to smooth the rough waters between them, and the victim attacked him with [a] tray table." Id. at 5.

To support his PCR petition, defendant asserted, among other things, that his trial counsel was ineffective by failing to present to the jury numerous items of exculpatory evidence contained in his pre-trial discovery; failing to pursue

---

[1] Although defendant elected not to testify at his second trial, "[t]he State read to the jury significant portions of defendant's testimony at the first trial." Ibid.

A-2746-16T2

defendant's offer to plead guilty to aggravated manslaughter and to communicate to defendant all plea offers tendered by the State; and failing to pursue a diminished capacity defense. Following oral argument, without conducting an evidentiary hearing, the PCR judge, who was also the trial judge, denied defendant's petition in a January 19, 2017 oral opinion, which was supplemented by a January 26, 2017 written statement of reasons. Judge N. Peter Conforti determined that defendant failed to establish a prima facie case of ineffective assistance of counsel on any of the grounds raised to satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Further, citing Rule 3:22-10(b) and relying on State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998), the judge determined that an evidentiary hearing was unwarranted because defendant's "[p]etition [did] not present material issues of disputed fact that [could not] be resolved by the existing record."

In specifically rejecting defendant's assertion that his attorney was ineffective by failing to present "exculpatory evidence," the judge noted that despite defendant's assertions that "exculpatory evidence" consisting of "statements" and "police reports . . . could have been used to impeach adverse witnesses or dispute key facts, . . . no affidavits or certifications have been filed

detailing any specifics with regard to exculpatory evidence." The judge also rejected defendant's related argument that his decision not to testify at the second trial was based on his attorney's incompetent advice that the exculpatory portions of his prior trial testimony would be admitted at his second trial as part of the State's case in chief. However, instead, only the "incriminating portions of [his] prior testimony" were admitted. Judge Conforti acknowledged that defense counsel attempted to introduce defendant's entire prior statement. However, according to the judge, he sustained the State's objection in a decision that was rendered before defendant "voluntarily chose not to testify," and "at no point was there ever . . . an indication that he wanted to testify . . . to, in effect, present[] this exculpatory evidence."

As to defendant's assertions regarding plea negotiations, Judge Conforti considered the prosecuting attorney's certification submitted by the State, certifying that he did "not recall ever making a plea offer to [defendant's] attorney." According to the prosecutor, "at any time the possibility of a plea agreement ever came up in conversation with [defendant's attorney], his position was that his client would only accept a plea to a second[-]degree manslaughter charge." Because "[t]hat offer was never acceptable to the State, . . . there was never a plea offer by the State to the defendant."

Judge Conforti determined that defendant "failed to offer any rebutting facts to the [prosecuting attorney's] certification." Rather, according to the judge, defendant presented "nothing more than bald assertions unsupported by any evidence in the record." Moreover, the judge noted that defendant could not show prejudice as required by "the second prong" of "the Strickland test," if "he never got a plea offer from the State to anything less than the murder charge." Notwithstanding the State's theory of the case, Judge Conforti recounted that "throughout the course of the trial," defense counsel "vigorously" advocated for a "passion/provocation manslaughter" verdict and, over the State's objection, successfully "argued to the [c]ourt that [a passion provocation/manslaughter charge] . . . should be included as part of the [c]ourt's instructions to the jury."[2]

Further, as to the diminished capacity issue, the judge rejected defendant's assertion that his attorney was ineffective by failing "to substantiate and utilize defendant's psychiatric or psychological disorders to establish a diminished capacity defense." The judge acknowledged defendant's certification that "he was suffering from numerous mental disorders," including "a brief psychotic disorder, intermittent explosive disorder, and a delusional disorder." Defendant

---

[2] Judge Conforti observed that, in general, trial counsel was "vigorous" and "zealous" in representing defendant. According to the judge, trial counsel "was well prepared," "was familiar with the discovery," and "engaged this defendant."

specified in his petition that "at the time of the killing," "he had a blur that clouded his thoughts," "he blacked out," the victim's verbal abuse and physical assault caused "him to lose control and spontaneously strike out at the victim," and "he exhibited bizarre behavior, both before and after he killed her."

Defendant further asserted in his petition that "these disorders absolved him of criminal responsibility for the murder . . . and that his attorney was advised and did nothing." However, according to the judge, although an expert examination of defendant "was initiated through the Office of the Public Defender," "at no point – – either during . . . trial – – or, . . . with respect to this petition, has this [c]ourt ever been supplied with any expert report, any certification, [or] any affidavit that would support the defendant's arguments that he suffered from these mental disorders." Instead, "what [he is] arguing to the [c]ourt is his own . . . diagnosis of his own condition" without any "support . . . from any source." The judge concluded that such a "deficiency" was fatal to defendant's claim. "[T]aking everything into account," the judge explained that defendant offered only unsupported "assertions," which provided no "basis for an evidentiary hearing" and was "fatal to his petition." This appeal followed.

On appeal, defendant argues that "at the very least, [he] presented a [prima facie] case of ineffective assistance of counsel, and thus, should have been

7

granted an evidentiary hearing." Defendant continues that his "argument that his attorney did not effectively represent him in plea negotiations can only be established through evidence outside of the record." "Similarly, [his] argument regarding trial counsel's failure to investigate and/or present exculpatory evidence is reliant upon evidence outside the record so that defendant can develop a record as to the nature of the evidence and its likely trial impact." Additionally, defendant contends that in order to establish "that trial counsel was ineffective in failing to pursue a diminished capacity defense, . . . counsel's reasoning, if any, must be developed on the record before defendant's argument can be ruled upon."

Merely raising a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie

A-2746-16T2

claim," and we review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462-63 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant must meet the Strickland-Fritz two-prong test. Specifically, the defendant must establish that: (l) counsel's performance was so deficient as to "[fall] below an objective standard of reasonableness" measured by "prevailing professional norms," and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland, 466 U.S. at 687-88, 694. This standard of "reasonable competence," Fritz, 105 N.J. at 60, "does not require the best of attorneys," State v. Davis, 116 N.J. 341, 351 (1989), and the defendant must overcome a "strong presumption that counsel rendered reasonable professional assistance." State v. Parker, 212 N.J. 269, 279 (2012). Further, "[a] 'reasonable probability'" to satisfy the prejudice standard "simply means a 'probability sufficient to undermine confidence in the outcome' of the proceeding." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 694).

Because there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," Strickland, 466 U.S. at 690, the defendant bears the burden of proving both prongs of an ineffective assistance of counsel claim by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984). To that end, the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. Thus, the defendant is not entitled to an evidentiary hearing when his claims are "too vague, conclusory, or speculative." Porter, 216 N.J. at 355 (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

Here, we conclude defendant failed to make a prima facie showing of ineffective assistance of counsel under the Strickland-Fritz test, and we discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing. Indeed, we affirm substantially for the reasons expressed by Judge Conforti in his comprehensive oral decision and written supplemental

10

statement of reasons. We agree with the judge that defendant's unsupported assertions are fatal to his petition. Indeed, "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION