**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1829-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS LECAROS-DELGADO,

     Defendant-Appellant.

_____

Submitted December 4, 2018 – Decided April 10, 2019

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 13-2017.

Edward M. Janzekovich, attorney for appellant.

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Luis Lecaros-Delgado appeals from a November 6, 2017 Law Division order which denied his petition for post-conviction relief (PCR) following a de novo review of a municipal court order denying the same relief. We affirm.

Defendant's petition related to his two convictions for driving while intoxicated (DWI), N.J.S.A. 39:4-50, on February 24, 2007 and March 9, 2007. Defendant pled guilty to both charges without any recommendation by the State as to sentencing at a hearing held in a municipal court on April 12, 2007. Defendant was represented by counsel at the hearing, during which he admitted his guilt and placed a factual basis for each offense on the record. During his plea allocution, defendant confirmed that he reviewed and understood that he could seek a stay of his sentencing while awaiting the Supreme Court's decision in State v. Chun, 194 N.J. 54 (2008) and stated that he waived that right.

Defendant's sentencing immediately followed his plea, and although the State recommended a suspended sentence subject to defendant's participation in various programs and not driving while suspended, the court imposed separate sentences on each offense, including one thirty-day jail sentence for the second offense. During his sentence, the court advised defendant of the collateral

A-1829-17T4

consequences of his two pleas on a subsequent offenses, including the imposition of six months in jail.

Defendant obtained new counsel and immediately filed an appeal to the Law Division, seeking to modify his sentence. The trial court conducted a de novo review of the sentence and imposed the same sentence on December 17, 2007.

Ten years later, after being charged with a third DWI offense in 2017, defendant filed a petition for PCR in the municipal court, challenging his plea counsel's performance in 2007.[1] On June 8, 2017, the municipal court denied the petition. In its written decision, the municipal court found that defendant's contentions regarding ineffective assistance of counsel (IAC) were belied by the record of his 2007 plea, the petition was not "timely" under Rule 7:10-2(b)(2), and "there were no 'exceptional circumstances' for the late filing . . . ."

Defendant appealed to the Law Division and on November 6, 2017, Judge Robert J. Jones denied defendant's PCR petition, stating his reason in a six-page written decision. Judge Jones described defendant's contentions of IAC as being based upon plea counsel's failure to "take advantage of a January 2006 stay of

[1] Neither party has supplied us with a copy of defendant's petition.

all . . . DWI cases pending resolution of [Chun] . . . ." The judge also observed that it was defendant's contention that he gave an inadequate factual basis to support his pleas, which were not knowing and voluntary because he was not advised of the consequences of his plea before pleading guilty.

The judge stated that defendant contended that he demonstrated excusable neglect for not filing a timely petition because he "did not realize the problem" until he consulted his current lawyer about his 2017 charges. Moreover, Judge Jones observed that it was defendant's contention that the "ten-year gap between the plea and" defendant's PCR petition established exceptional circumstances because he received an illegal sentence.

Judge Jones concluded that defendant's petition was time barred as it related to his IAC claim because defendant did not file any "affidavit or certification" to support his brief's "conclusory, unsupported assertion" as to why it took ten years to file the petition. The judge cited to applicable case law and stated "ignorance of the right to [PCR], by itself, does not meet the standard required by the court rule." Finally, the judge concluded that even if such circumstances were established, the State would be prejudiced by the delay.

Turning to defendant's claim that his 2007 sentences were illegal, Judge Jones relied on State v. Mitchell, 126 N.J. 565 (1992), and noted that without a

statement from defendant asserting a "contemporaneous claim of innocence," and considering defendant's sworn statements admitting to the offenses at his plea hearing, any argument that his plea was unsupported by a factual basis was without merit. The judge found that there was no statement by defendant that he did "not understand enough about the nature of the law as it applies to the facts of this case to make a truly 'voluntary' decision on his own."

The judge also found that although his plea was "imperfect" because the plea court advised defendant of the consequences of pleading guilty after his plea rather than before, it did not give rise to a violation of "constitutional dimension[s]" that would allow defendant to vacate the plea ten years after the fact based upon a claim of illegal sentence. This appeal followed.

On appeal, defendant argues that his PCR petition was not time barred as to his claim of IAC, and his plea to the two 2007 offenses resulted in an illegal sentence because he did not enter a voluntary and knowing plea, and, in any event, he did not testify to a sufficient factual basis for the charges to which he pled guilty. Finally, he asserts that Judge Jones' finding that he did "not dispute[] his guilt or provide[] a contemporaneous claim of innocence" was incorrect.

We are convinced that defendant's arguments are entirely without merit. We accordingly affirm the denial of defendant's petition for PCR substantially for the reasons stated by Judge Jones in his comprehensive written decision. We add the following comments.

In an appeal from the Law Division's de novo review of the record from a municipal court's decision, our review "is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). We review de novo the Law Division's legal determinations or conclusions based upon the facts. State v. Goodman, 415 N.J. Super. 210, 225 (App. Div. 2010).

Claims of IAC or those relating to an illegal sentence are cognizable in municipal court under Rule 7:10-2(c). A PCR petition from a municipal court's conviction must be filed within the time period established by Rule 7:10-2(b). Defendant recognizes that a claim of IAC must be filed within five years of a conviction, but he argues that the judge erred by refusing to relax the five-year time bar for PCR petitions. We do not agree.

6

Rule 7:10-2 provides that a petition to correct an illegal sentence may be filed at any time. R. 7:10-2(b)(1). However, a PCR petition based on any other ground must be filed within five years after entry of the judgment of conviction. R. 7:10-2(b)(2). The time bar may be relaxed only if the defendant shows that the delay in filing is due to "excusable neglect." Ibid. Defendant has offered no factual support to explain the delay.

In support of his contention that the petition should not be subject to the five-year limitations period in Rule 7:10-2(b)(2), defendant relies upon State v. Bringhurst, 401 N.J. Super. 421 (App. Div. 2008). Defendant's reliance upon that case is misplaced.

In Bringhurst, we noted that a penalty for a second DWI conviction cannot be imposed upon a defendant whose first DWI conviction was the result of a plea entered without the advice of counsel. Bringhurst, 401 N.J. Super. at 427-28 (citing State v. Laurick, 120 N.J. 1, 16 (1990)). We stated that relief from a prior, uncounseled DWI conviction would not ordinarily be sought until a second or subsequent conviction occurs. Id. at 433. We noted that, under the circumstances, the interests of justice would not be served by automatically applying the five-year time bar for PCR petitions. Ibid. We held, however, that the trial court had correctly determined that the defendant had not established a

basis to relax the time bar because the defendant had not shown he had a defense to the DWI charge, or that the outcome would have been different if he had been represented by counsel when he entered the plea. Id. at 434-37.

Here, defendant was represented by counsel in 2007 and has not offered any factual support for his claim that counsel was ineffective or that the outcome of the 2007 plea would have been different had counsel been effective. Bringhurst therefore does not apply.

Even if Bringhurst applied, there is no basis for relaxing the time bar. Defendant has not established a defense to the DWI charge he faced in 2007. Furthermore, defendant has not established that he was not properly counseled concerning the plea. See id. at 435 (finding the defendant's . . . petition [under Laurick, 120 N.J. at 16 (1990) ("an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty")] was deficient because he did not present evidence showing that if he had representation, he would have had a defense to the DWI charge or, in all likelihood, the result of the uncounseled DWI proceeding would have been different).

Defendant has not demonstrated any entitlement to relief. Both defendant's assertion that he established excusable neglect for relaxation of the

time bar and his claim of IAC are totally unsupported by the record. While defendant contends in his brief that on the day his petition was considered, he was "present in court and prepared to testify regarding the[] issues to provide further evidence on the record," his presence did not satisfy his burden.

The mere raising of a claim for PCR does not establish a prima facie claim of IAC that would support granting defendant an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity the facts that he wished to present." State v. Jones, 219 N.J. 298, 312 (2014). A "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "must do more than make bold assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. Here, although defendant's brief was replete with allegations about what happened to him and what he would have done had counsel not be ineffective as alleged, there is no factual evidence to support any of his contentions.

Because defendant failed to allege any facts in support of his petition, it does not meet the "excusable neglect" standard embedded in Rule 7:10-2(b)(2) or the "exceptional circumstances" required for relaxation under Rule 1:2-2. In

other words, he failed to "articulate[] facts that demonstrate a serious question about his . . . guilt or the propriety of the sentence imposed and [that he was] prepared to provide factual evidence to support it . . . ." Mitchell, 126 N.J. at 580.

Finally, we conclude that defendant's contention that his sentence was illegal is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Suffice it to say, defendant's petition did not attack his sentence as being "in excess of or otherwise not in accordance with the sentence authorized by law," R. 7:10-2(c)(3), rather he claimed his plea should not have been accepted because it was not voluntary and knowing. Again, without any factual support there is no basis to his claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1829-17T4