**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5237-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERISKEYPHY HENRIQUEZ,

     Defendant-Appellant.

_____

Submitted September 18, 2019 – Decided October 7, 2019

Before Judges Whipple and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-02-0249.

Joseph E. Krakora, Public Defender, attorney for appellant (Charles P. Savoth III, Designated Counsel, on the brief).

Mark Musella, Acting Bergen County Prosecutor, attorney for respondent (Nicole Paton, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the May 5, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following single point for our consideration:

> IT WAS AN ABUSE OF DISCRETION FOR THE PCR COURT TO DENY [DEFENDANT] AN EVIDENTIARY HEARING WHEN NO EVIDENCE IS PRESENTED OTHER THAN PETITIONER'S UNCONTROVERTED REPRESEN[T]ATIONS THAT HE WAS NOT ADVISED BY COUNSEL HE WOULD BE DEPORTED IF HE AGREED TO THE STATE'S PLEA BARGAIN[.]

We disagree and affirm.

We derive the following facts from the record. On October 9, 2014, defendant entered a negotiated guilty plea to third-degree possession with intent to distribute a controlled dangerous substance, N.J.S.A. 2C:35-5.3a and 2C:2-6. At the plea hearing, after defendant advised the plea judge he was not a United States citizen, the judge informed defendant that "there [were] going to be immigration consequences[.]" The following colloquy then ensued between the judge and defendant:

> THE COURT: Have you had an opportunity to speak to independent counsel for immigration consequences?

THE DEFENDANT: Yes, sir.[1]

THE COURT: Okay. . . . I don't know what immigration counsel told you. But I'm just going to tell you what I know. . . . [M]y understanding is that as a result of this, you will, in fact, be deported. And if you get deported, you may not be returned to the United States. If you do not have legal status, you can't get legal status. If you do have legal status, you . . . cannot be[come] a United States citizen, and you may be detained in [U.S. Immigration and Customs Enforcement (ICE)] custody. Do you understand all those things?

THE DEFENDANT: Yes.

THE COURT: But notwithstanding that, . . . you're still willing to plead guilty today?

THE DEFENDANT: Yes, sir.

Additionally, on the written plea form, defendant responded "yes" to question seventeen, indicating he understood that if he was not a United States citizen, his guilty plea "may result in [his] removal from the United States and . . . stop [him] from being able to legally enter or re-enter the United States[.]" On the form, defendant also acknowledged having "discussed . . . the potential immigration consequences of [his] plea" with an immigration attorney, and

---

[1] The record reflects that although defendant did not consult independent immigration counsel, "the attorney's office representing defendant . . . specialize[d] in the area of immigration law."

acknowledged at the plea hearing that he had answered the questions on the plea form truthfully.

After ensuring that the plea conformed with the requirements of Rule 3:9-2, the judge accepted defendant's guilty plea. On December 5, 2014, the judge sentenced defendant in accordance with the plea agreement to two years of probation, conditioned upon serving 364 days in the county jail, and, on the State's motion, dismissed defendant's remaining four charges, including a second-degree drug charge. Defendant did not file a direct appeal. However, on April 20, 2016, defendant filed a timely petition for PCR.

In his petition, defendant explained that he had been in ICE custody since April 14, 2015, and sought a "downgrade" of the criminal charge "to a lower status so that [he] could defend [him]self" in immigration court. In his counseled brief, defendant asserted he received ineffective assistance of counsel (IAC) because trial counsel failed to advise him that "deportation would be mandatory" based on him "pleading guilty to an aggravated felony under Federal Immigration Law." Thus, defendant asserted "trial counsel provided him with false and misleading advice about the immigration consequences of his guilty plea." Further, defendant claimed he would not have pled guilty had he been properly advised.

On April 28 and May 5, 2017, the PCR judge conducted oral argument on the petition. Because defendant had been deported to the Dominican Republic on August 8, 2016, he participated via telephone. Following oral argument, the judge denied the petition. In an oral decision, after applying the governing legal principles and reviewing the plea hearing colloquy, the PCR judge, who was also the plea judge, determined defendant "failed to meet the first prong" of the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984)[2] to obtain PCR relief or an evidentiary hearing.

The judge recounted that "[i]n his brief," defendant stated his attorney failed to advise him "that his plea would result in mandatory deportation[,]" and instead "'led him to believe'" in "conversations" that "he had a chance of staying in the United States." However, the judge pointed out that during the plea colloquy, "[t]he [c]ourt informed [defendant] he would be deported[,]" and "[t]he [c]ourt's explanation did not leave the consequences open to interpretation." The judge explained that defendant could not "now rely on a bare assertion that he was not properly informed" to undermine his prior

---

[2] To prevail on an IAC claim, a defendant must satisfy a two-part test. Specifically, the defendant must show that his attorney's performance was deficient and that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. See also State v. Fritz, 105 N.J. 42, 49-53 (1987) (adopting the Strickland two-part test for IAC claims).

statements to the contrary. Therefore, the judge was "satisfied that [defendant] was advised of the immigration consequences" of his plea by his plea counsel who was also "an immigration attorney," as well as "by the [c]ourt[,]" and "nothing in either his brief" or his petition "indicate[d] that he was given advice other than that he would be deported." The judge entered a memorializing order and this appeal followed.

The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of IAC under the Strickland two-pronged test, material issues of disputed fact lie outside the record, and resolution of the issues necessitate a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard. State v. Russo, 333 N.J. Super. 119, 140 (App. Div. 2000). Where, as here, no evidentiary hearing was conducted, we review the factual inferences the trial court has drawn from the documentary record, as well as the court's conclusions of law, de novo. State v. Harris, 181 N.J. 391, 420-21 (2004).

A-5237-16T4

Following the United States Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010), in order to provide effective assistance of counsel, a defense attorney is required to address immigration consequences with a non-citizen defendant entering a guilty plea. Id. at 367 ("The weight of prevailing professional norms supports the view that counsel must advise [the] client regarding the risk of deportation."). Failure to do so may "satisfy the first prong of Strickland." Padilla, 559 U.S. at 369. However, because the Padilla Court recognized that immigration law "can be complex," and "deportation consequences of a particular plea" may be "unclear or uncertain" in "numerous situations[,]" id. at 369, "the specificity and definiteness of counsel's required advice varies with the clarity of the immigration law itself." State v. Blake, 444 N.J. Super. 285, 295 (App. Div. 2016) (citing Padilla, 559 U.S. at 369). See State v. Gaitan, 209 N.J. 339, 380 (2012) ("[A]ttorneys now have specific duties as to how they must advise pleading noncitizen criminal defendants, depending on the certainty of immigration consequences flowing from the plea.").

Thus, in the "numerous situations in which the deportation consequences of a particular plea are unclear[,] . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences[,]" but where the "terms of the

relevant immigration statute are succinct, clear and explicit in defining the removal consequence," then an attorney is obliged to be "equally clear." Padilla, 559 U.S. at 368-69. For drug offenses, as here, because deportation is presumptively mandatory, the attorney is required "to point out to a noncitizen client that he . . . is pleading to a mandatorily removable offense[,]" and the failure to do so constitutes "deficient performance of counsel." Gaitan, 209 N.J. at 380.

Here, we agree with the judge that defendant failed to present a prima facie case of IAC because he failed to establish the first prong of the Strickland test. First, defendant failed to provide any supporting affidavit or certification attesting to the fact that his attorney failed to advise him of mandatory deportation consequences. Instead, defendant only made such a claim in his PCR brief. In evaluating whether a prima facie claim has been asserted, "[a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c). We therefore view defendant's allegation that he was unaware he was eligible for mandatory deportation to be a "bare assertion . . . insufficient to support a prima facie case of ineffectiveness[,]" and we conclude the judge

properly exercised his discretion in not conducting an evidentiary hearing. Cummings, 321 N.J. Super. at 170-71.

Second, regardless of defense counsel's advice, "[t]he judge is obliged to ascertain that a plea is entered voluntarily, without threats or promises outside the record, 'with an understanding of the nature of the charge and the consequences of the plea.'" Blake, 444 N.J. Super. at 297 (quoting R. 3:9-2). Based on defendant's admissions to the judge, it is clear from the plea colloquy that defendant was informed and understood that deportation was an inevitable and unavoidable consequence of his guilty plea. While the judge's "obligation is related to, but distinct from the attorney's obligation to render effective assistance[,]" ibid., "[d]efendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Id. at 299.

"A court must review an attorney's advice in its totality to determine whether he has fulfilled his duty to convey the immigration consequences of a plea, taking into account the clarity, or lack thereof, of the immigration law itself." Blake, 444 N.J. Super. at 301. Here, defendant was represented by an immigration attorney who was present when the judge informed defendant, in no uncertain terms, that deportation was unavoidable. Neither defendant nor his

attorney disputed the judge's prediction at the plea or the sentencing hearings. Under these circumstances, we find no basis in the record to conclude that defense counsel depreciated defendant's risk of removal, misled defendant, or otherwise failed to advise him in accordance with the standards set forth in Padilla and Gaitan. Contrary to defendant's insinuation that the judge was required to conduct an evidentiary hearing to question defendant and his attorney about "what exactly [defendant] was told or not told by [his attorney,]" it is defendant who "must demonstrate a prima facie case for relief before an evidentiary hearing is required[.]" State v. Bringhurst, 401 N.J. Super. 421, 436 (App. Div. 2008). Indeed, "the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." Id. at 436-37.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5237-16T4