704 A.2d 1045

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. VINCENZO LATONA, DEFENDANT–
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 13, 1998—Decided January 28, 1998.

Before Judges STERN and KIMMELMAN.

*Dennis O'Leary*, Sussex County Prosecutor, attorney for appellant (*Thomas E. Bracken*, Assistant Prosecutor, of counsel and on the brief).

*Daniel A. Colfax*, attorney for respondent.

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

The issue on appeal is whether defendant Vincenzo Latona should be sentenced as a second or third time offender for driving while intoxicated (DWI), in violation of *N.J.S.A.* 39:4–50.

On July 22, 1996, defendant appeared before the Sparta Municipal Court and pled guilty to the offense of DWI. As a third-time offender, defendant was sentenced to serve 180 days in the county jail and his driving privileges were revoked for ten years, pursuant to *N.J.S.A.* 39:4–50(a)(3). Defendant's jail sentence was stayed pending his appeal to the Law Division; the issue on appeal being the propriety of the 180–day jail term imposed on him. On the trial *de novo*, Judge Hanifan, relying on the Supreme Court's ruling in *State v. Laurick*, 120 *N.J.* 1, 575 *A.*2d 1340 (1990), *cert. denied*, 498 *U.S.* 967, 111 *S.Ct.* 429, 112 *L.Ed.*2d 413 (1990), reduced the custodial aspect of defendant's sentence to ninety days, to conform to the custodial penalty legislatively authorized for a second-time offender. The State appeals. *See State v. Faunce*, 244 *N.J.Super.* 499, 501, 582 *A.*2d 1268 (App.Div.1990) (holding that the State has the common-law right to appeal where constitutionally permissible). The custodial aspect of defendant's sentence has once again been stayed pending this appeal.

It appears without dispute that defendant's first DWI conviction was in 1988 in the Township of Mt. Olive and his second was in 1991 in the Borough of Ft. Lee. At the time of the Mt. Olive offense, defendant was indigent, and he was not represented by counsel. After reviewing the records of the Mt. Olive conviction,

Judge Hanifan found that defendant was not advised of either his right to counsel or, in view of his indigency, his right to have counsel appointed to represent him. In point of fact, the 1988 Mt. Olive DWI conviction was an "uncounseled conviction." Consequently, Judge Hanifan read *Laurick* to require that the Mt. Olive conviction not be counted in applying the progressively-enhanced penalties that second and third offenders receive under *N.J.S.A.* 39:4–50(a)(2) and (3). As the Court said in *Laurick:* "a third offender with one prior uncounseled conviction could not be sentenced to more than ninety day's imprisonment." *Laurick, supra,* 120 *N.J.* at 16, 575 *A.*2d 1340.

On appeal, the State focuses upon the fact that, in deciding *Laurick,* the Court relied upon language in *Baldasar v. Illinois,* 446 *U.S.* 222, 100 *S.Ct.* 1585, 64 *L.Ed.*2d 169 (1980), to the effect that uncounseled convictions cannot be used to enhance punishment for subsequent offenses. However, the State points out that *Baldasar* was expressly overruled in *Nichols v. United States,* 511 *U.S.* 738, 114 *S.Ct.* 1921, 128 *L.Ed.*2d 745 (1994). The State now urges that, given the opportunity, our Supreme Court would follow *Nichols* and modify its *Laurick* decision, so we should reject the reduction of defendant's sentence and require that he be sentenced as a third-time DWI offender, pursuant to *N.J.S.A.* 39:4–50(a)(3).

This court may not speculate on whether our Supreme Court would rethink its holding in *Laurick* because a subsequent United States Supreme Court decision overruled one of the cases upon which *Laurick* relied. A close reading of *Laurick* indicates much authority and reasoning apart from *Baldasar* to support the decision. As to *Baldasar,* the Court pointedly said:

> We are satisfied that there is a core value to *Baldasar* that we should follow: that an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty.
>
> [*Laurick, supra,* 120 *N.J.* at 16, 575 *A.*2d 1340.]

For present purposes, we are bound to adhere to *Laurick,* and to the "core value" expressed, which we find to be applicable to this case.

The State further contends that it was improper for the Law Division to consider that a portion of defendant's custodial sentence could be substituted for service in the Sheriff's Labor Assistance Program. This issue was not raised below and we see no just reason to address it on appeal. *R.* 2:10–2.

In accordance with the foregoing discussion and substantially for the reasons expressed by Judge Hanifan in his oral opinions of December 20, 1996, and March 21, 1997, the final judgment entered April 4, 1997, is affirmed.