951 A.2d 238 (2008)
401 N.J. Super. 421
STATE of New Jersey, Plaintiff-Respondent,
v.
Joseph M. BRINGHURST, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 2008.
Decided July 23, 2008.
*239 Peter H. Lederman, Freehold, argued the cause for appellant (Lomurro, Davison, Eastman & Munoz, attorneys; Peter V. Koenig, on the brief).
Jack J. Lipari, Assistant Prosecutor, argued the cause for respondent (Theodore F.L. Housel, Atlantic County Prosecutor, attorney; Mr. Lipari, on the brief).
Before Judges AXELRAD, SAPP-PETERSON and MESSANO.
The opinion of the court was delivered by
MESSANO, J.A.D.
This appeal once again raises the issue of whether post-conviction relief (PCR) petitions brought pursuant to the Supreme Court's holding in State v. Laurick, 120 N.J. 1, 575 A.2d 1340, cert. denied, 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990), are time-barred if not filed within five years of the uncounseled municipal court conviction that gave rise to the petition. We recently reviewed the procedure for raising a Laurick challenge in State v. Schadewald, 400 N.J.Super. 350, 947 A.2d 657 (App.Div.2007), though we did not specifically address whether the time constraints contained in the Court Rules applied to foreclose that defendant's challenge. We now conclude that a PCR petition that seeks relief pursuant to Laurick *240 is subject to the time-bar contained in Rule 7:10-2. However, given the nature of a Laurick petition, a defendant may routinely demonstrate that any petition filed beyond the five-year limit was not the product of neglect or some other disqualifying reason, and thus, should not be automatically time-barred. However, to obtain the benefit of relaxation of the Rule, a defendant's petition must also establish a prima facie case for relief under Laurick. In this case, we conclude that defendant has failed to demonstrate a prima facie case entitling him to the relief he now seeks. We therefore affirm.

I.
On June 25, 1996, without representation by counsel, defendant Joseph M. Bringhurst pled guilty in Hammonton City (Hammonton) municipal court to driving while intoxicated (DWI). On February 24, 1998, he pled guilty a second time to DWI in the Township of Riverside municipal court while represented by an attorney. At that time, the State conceded that defendant should be sentenced as a first offender. After some colloquy with defendant, the municipal court judge concluded, "I'm satisfied that [in the 1996 proceeding] there was no factual basis laid and that the defendant did not have the benefit of counsel." He sentenced defendant as a first offender under the DWI statute.
Defendant was again arrested for DWI in Delran Township sometime in 2006, though the record does not reveal the particulars of the charge. He was convicted again, but any custodial aspect of his sentence was stayed pending his application for PCR under Laurick.[1] On October 24, 2006, defendant filed a petition for PCR in Hammonton supported by his attorney's certification, to which defendant attached his personal verification that the facts contained therein were true. In sum, counsel's certification alleged that defendant appeared alone in the Hammonton municipal court in 1996, spoke to the prosecutor who offered to dismiss the other charges in return for defendant's guilty plea to DWI. Defendant accepted this offer, appeared before the judge without counsel, told the judge he was pleading guilty, and surrendered his license. Defendant alleged that the judge never asked "if he understood he had a right to be represented by an attorney in the case or, that an attorney would be assigned if he could not afford representation." He claimed he had no independent knowledge about his right to counsel and never formally waived his right to an attorney.
On December 19, 2006, argument on defendant's PCR petition was heard by the Hammonton municipal judge. Defense counsel began by advising the judge of the nature of the application. Noting the municipal court transcript from 1996 was destroyed, defense counsel advised the judge
Maybe it's just [defendant's] recollection, I can't say for sure, but it is his recollection that those particular issues were not discussed in his plea and he paid his fines and left court that night.
The prosecutor objected to the application noting it was brought "more than five years" after the 1996 conviction.
The judge directed the prosecutor's and defense counsel's attention to the back of the actual summons from 1996 which the court had retained. Two printed entries were on the summons: RODRIGUEZ NOTICE GIVEN; and COUNSEL *241 WAIVED. Next to each was the date, "6/25/96," and the judge's signature. Despite these notations, defense counsel contended that "it's not the fact that some notice was given, but it's the nature and extent and quality of the notice that was given." The judge reached the following conclusion:
Aside from the fact that it's time[-]barred . . . because all motions such as this should be made within five years[,]
. . . [T]here isn't enough here that would cause me to believe that your client wasn't properly advised. The back of the summons indicates that he was given opportunity to have an attorney represent him . . . [W]e know that he came into court . . . and waived his right to counsel, waived his right to be represented . . . [W]ithout more, I'm not in a position to upset the conviction or to grant your post-conviction relief.
Defendant appealed and on March 5, 2007, the matter was argued before the Law Division judge. Defense counsel first addressed the State's argument that the application was time-barred. He noted that the Supreme Court Committee on Municipal Court Practice had proposed a rule amendment that eliminated any time bar for a Laurick PCR petition. Although the proposed rule had not yet been adopted, counsel argued that it was indicative of an intention to eliminate any five-year time limit.
The judge, however, proceeded to address the merits of defendant's application. Recognizing the passage of time between actual convictions for DWI and subsequent Laurick challenges, the judge noted that the Laurick Court had suggested that notations be placed on the actual summons to reflect that defendants had been advised of their rights and had waived them. The judge noted that the summons at issue evidenced Hammonton's municipal court's adoption of that suggestion.
The judge ultimately concluded the case presented "a very interesting question that doesn't have a black and white answer today. . . ." He observed that the proposed rule change "may or may not happen," but that the "five-year limitation was . . . in effect for purposes of this case and that [the petition] [was] time[-]bar[red]." He found the PCR petition to be "way out of time and on that basis alone" affirmed the municipal court judge. The judge also denied defendant's requested relief finding the Hammonton municipal court "back in [19]96 followed the law as written in Laurick," and the judge further made "the assumption" that defendant had been properly advised of his rights and had waived them. On April 9, 2006, the judge entered an order affirming the Hammonton municipal judge's denial of defendant's PCR petition, and stayed its effect pending this appeal.

II.
Defendant argues that the Law Division judge erred in applying a five-year time limit to the petition. He contends that the nature of a Laurick challenge compels the conclusion that no time limit should be applied to foreclose an application for relief from an enhanced DWI sentence if a prior conviction was uncounseled. He also argues that on the record presented, he was at least entitled to a full PCR hearing in the Hammonton municipal court on the issue.[2]
*242 The State counters by contending that defendant's PCR petition was time-barred because it was not brought within five years of the 1996 conviction, or even the 1998 conviction. Alternatively, the State argues that defendant failed to put forth sufficient facts to require a hearing on the issue, and that the Law Division judge properly decided the case on its merits.

A.
In Laurick, the Court considered "whether . . . a prior guilty plea to a charge of driving while intoxicated (DWI) . . . without the advice of counsel prevents the imposition of enhanced penalties on a second DWI conviction." Laurick, supra, 120 N.J. at 4, 575 A.2d 1340. Referring to its earlier decision in Rodriguez v. Rosenblatt, 58 N.J. 281, 277 A.2d 216, (1971), the Court concluded that "the denial of counsel would not constitute a violation of constitutional right under either state or federal constitutions," and therefore the failure to provide the notice required by Rodriguez "could not be of constitutional dimension."[3]Laurick, supra, 120 N.J. at 10, 575 A.2d 1340. Nevertheless, the Court held
[A]n uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty. In the context of repeat DWI offenses, this means that the enhanced administrative penalties and fines may constitutionally be imposed but that in the case of repeat DWI convictions based on uncounseled prior convictions, the actual period of incarceration imposed may not exceed that for any counseled DWI convictions.
[Id. at 16, 575 A.2d 1340.]
At the time Laurick was decided, our Court Rules did not provide for PCR relief from a municipal court conviction. Id. at 9, 575 A.2d 1340. Relying on Rule 3:22-4, which governed the filing of PCR petitions after criminal convictions, and other precedent, the Court adopted a procedure by which defendants could challenge an increased custodial sentence for a second or subsequent DWI conviction based upon an uncounseled prior conviction.
Post-conviction relief from the effect of prior convictions should normally be sought in the court of original jurisdiction, which will be in the best position to evaluate whether there has been any denial of fundamental justice. Appeals from the disposition in that court shall be combined with any appeal from proceedings involving the repeat offense.
[Id. at 17, 575 A.2d 1340.]
However, the Court stressed that a defendant seeking the benefit of PCR relief from an uncounseled prior DWI conviction must bear a significant burden. He must "demonstrate a fundamental injustice" occurred by showing that he was "prejudiced" "in that [he] (a) was unaware of such rights, and (b) if indigent, would have derived benefit from the notice by seeking the assistance of counsel. A non-indigent defendant would have to show in addition that the lack of notice otherwise affected the outcome." Id. at 16-17, 575 A.2d 1340. The Laurick court did not address the five-year time bar then contained in Rule *243 3:22-12, though it would appear from the Court's recitation of the facts, the defendant was challenging an uncounseled conviction that occurred five years earlier. Id. at 6, 575 A.2d 1340.
In State v. Latona, 307 N.J.Super. 387, 704 A.2d 1045 (App.Div.), certif. denied, 154 N.J. 607, 713 A.2d 498 (1998), we considered Laurick's continued vitality in light of the United States Supreme Court's holding in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). The Nichols Court had concluded that "an uncounseled conviction . . . may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment." Id. at 746-47, 114 S.Ct. at 1927, 128 L.E.2d at 754. We, nonetheless, concluded that Laurick was binding precedent upon us. Latona, supra, 307 N.J.Super. at 389, 704 A.2d 1045.
When we decided Latona, Rule 7:10-2 had been proposed but was not yet in effect. Although the proposed Rule contained a five-year time limit on the filing of any PCR petition, we did not consider the issue and permitted the defendant to challenge an enhanced custodial term based upon an uncounseled DWI conviction that occurred eight years earlier. Id. at 388-89, 704 A.2d 1045.
Fifteen years after Laurick, the Supreme Court again addressed the issue in State v. Hrycak, 184 N.J. 351, 877 A.2d 1209 (2005). There, the defendant had previously been convicted of DWI in 1990 and, when convicted again in 1999, successfully challenged her first conviction on the basis of Laurick. Id. at 355, 877 A.2d 1209. The defendant was again convicted of DWI in 2002 and sought to be sentenced as a second offender. Both the municipal court and the Law Division denied her request. Id. at 355-56, 877 A.2d 1209.
The Supreme Court reversed our order affirming her sentence as a third offender and reaffirmed the holding in Laurick. Id. at 363, 877 A.2d 1209. The Court held
A defendant is faced with a three-step undertaking in proving that a prior uncounseled DWI conviction should not serve to enhance the jail component of a sentence imposed on a subsequent DWI conviction. As a threshold matter, the defendant has the burden of proving in a second or subsequent DWI proceeding that he or she did not receive notice of the right to counsel in the prior case. He or she must then meet the two-tiered Laurick burden.
[Id. at 363, 877 A.2d 1209 (citing Laurick, supra, 120 N.J. at 11, 575 A.2d 1340 (emphasis added)).]
Of particular note, the Court did not address the five-year time bar then contained in Rule 7:10-2(b)(2), which was adopted seven years earlier[4]; in fact, the Court permitted the defendant to raise the Laurick issue fifteen years after the alleged uncounseled conviction. Moreover, the Court did not require the defendant to follow the procedure outlined in Laurick and then codified in the Rule, i.e., it did not require that the defendant bring her application as a PCR petition in the court where her uncounseled conviction had occurred.

B.
It was against this somewhat unsettled procedural landscape that the Supreme Court's Committee on Municipal Court Practice submitted its 2004-2007 Report. The Report noted essentially "two types of relief capable of being sought in a[PCR] *244 proceeding in municipal court," the first "where the relief sought is to vacate the prior conviction entirely," and the second "where the type of relief sought . . . is to have an enhanced custodial sentence reduced on a subsequent conviction. . . ." Mun. Ct. Practice Comm., 2004-2007 Report, at 13 (January 12, 2007). Noting "procedural anomalies involved in the hearing of PCR petitions on a statewide basis," the Committee proposed an entirely new subsection (g) be added to Rule 7:10-2 to specifically address Laurick-styled PCR petitions. Ibid.
The proposed rule change was subsequently adopted verbatim by the Supreme Court, effective September 1, 2007, in all but one important aspect. First, the Rule now clarifies that a Laurick PCR petition "shall be brought in the court where the prior conviction was entered." R. 7:10-2(g)(1). The Rule also now sets forth the procedure to be employed and the appeal process that may follow. R. 7:10-2(g)(3) and (4). However, the Court chose not to adopt the Committee's proposed Rule 7:10-2(g)(2) which would have permitted "[a] petition for [PCR] under this section [to] be filed at any time," instead adopting its own version that provided, "The time limitations for filing petitions for [PCR] under this section shall be the same as those set forth in Rule 3:22-12." Rule 3:22-12(a) in turn provides that except to correct an illegal sentence, "[n]o other [PCR] petition shall be filed . . . more than [five] years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay . . . was due to defendant's excusable neglect."
We need not decide whether the pre-2007 version of the Rule, in effect when the Law Division decided the case, or the current version controls. We concur with our colleagues in Schadewald who noted, "Although the rule was effective on September 1, 2007, we find those procedures appropriate for cases that arose before September 1, 2007." 400 N.J.Super. at 357, 947 A.2d 657. Thus, despite any language in Hrycak to the contrary, it is now clear that a Laurick PCR petition must first be brought in the municipal court in which the conviction was entered. Here, defendant did that by first raising the issue in the Hammonton municipal court.
However, the issue that remains is whether defendant's petition, filed ten years after his first DWI conviction, is cognizable under Rule 7:10-2(g)(2), and by reference, under Rule 3:22-12. We note that here, too, whether the pre-2007 Rule or the current Rule applies makes no difference; under either version of the Rule, a five-year time limit applied to a municipal court PCR petition. The only changes occasioned by the September 2007 amendment are its explicit reference to Laurick-styled PCR petitions, the creation of a specific subsection for that species of applications, and the cross-reference to the time limits contained in Rule 3:22-12.

C.
Rule 3:22-12(a) permits a PCR petition challenging an illegal sentence to be brought at any time. However, contrary to defendant's argument, a Laurick PCR is not a challenge to the legality of the sentence imposed in the uncounseled DWI case, nor is it a challenge to the legality of the sentence imposed in the current DWI proceedings. That type of PCR claim, expressly recognized by Rule 7:10-2(b)(1), may be brought at any time, and therefore, the Supreme Court's adoption of subsection (g) would have been unnecessary.
Rule 3:22-12(a) also permits relief from the five-year time limit if the petitioner can demonstrate "excusable neglect." However, it is difficult to imagine how any *245 delay in filing a Laurick PCR could be excused on these grounds since a defendant would clearly know whether his prior conviction provided the basis for relief, and, pursuant to the Rule, the petition is usually brought at the time of a subsequent conviction. In any event, defendant in this case has not raised "excusable neglect" as a basis for relief from the Rule's time constraints.
The five-year time limit contained in Rule 3:22-12(a) recognizes 1) "the difficulties associated with a fair and accurate reassessment of the critical events" years after their occurrence, and 2) "the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation," and, thus, "strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice." State v. Mitchell, 126 N.J. 565, 575-6, 601 A.2d 198 (1992). However, application of the time limit is "not rigid and monolithic[,]" and, "as with all of our Rules, where the interests of justice so require, the Rule will be relaxed." Ibid. (citing Rule 1:1-2). The Court has said, "When determining whether to relax the time bar . . . a court should consider `the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits.'" State v. McQuaid, 147 N.J. 464, 485, 688 A.2d 584 (1997)(quoting Mitchell, supra, 126 N.J. at 580, 601 A.2d 198).
Applying these factors to defendant's PCR petition, we must conclude that the five-year time limit contained in Rule 3:22-12(a) should not automatically require dismissal of the application. The fact that a prior DWI conviction may have been uncounseled would, in and of itself, be of no moment unless and until there was a subsequent DWI conviction. By its very nature, a Laurick challenge simply cannot be raised until a second or subsequent conviction occurs because there is otherwise no basis for "[r]elief from an [e]nhanced [c]ustodial term [b]ased on a [p]rior [c]onviction." R. 7:10-2(g).
Since a second or subsequent conviction may occur at any time in the future, it would be illogical to apply the Rule's five-year time limit mechanistically to deny all such applications. Indeed, a defendant could never obtain the benefit of Laurick's holding if his second conviction occurred more than five years after the first uncounseled one because his petition would automatically be time-barred. The defendants in Hrycak and Latona, for example, would have been unable to raise their Laurick issues. We can discern no reason why the Supreme Court would have explicitly recognized the Laurick-styled PCR petition on the one hand, and at the same time deny its relief where "the extent and cause of the delay" was not occasioned by the defendant.
We recognize that the passage of time creates potential prejudice to the State, particularly since sound recordings of municipal court proceedings are retained for only five years. R. 7:8-8(a). However, the Court apparently did not conclude that the failure to produce a transcript of the uncounseled proceedings should be a reason to automatically bar a Laurick PCR petition. Rule 7:10-2(g)(3) permits the "petitioner [to] account for any unavailable records by way of written documentation from the municipal court administrator or the custodian of records. . . ."
In sum, because of the unique nature of a Laurick PCR petition, a defendant's burden to justify relaxation of Rule 3:22-12(a)'s five-year time limit, at least with respect to the reason for the delay, should *246 be significantly less than proof of the "exceptional circumstances" normally required. State v. Afanador, 151 N.J. 41, 52, 697 A.2d 529 (1997). We conclude that the interests of justice are not served in this case by automatically applying the five-year time bar contained in Rule 3:22-12(a), and we therefore disagree with the two trial judges to the extent that they determined defendant's petition was automatically time-barred because it was filed more than five years after his conviction in 1996.

III.
We nevertheless affirm the order denying defendant's PCR petition. As we noted, before granting relief from the time constraints contained in Rule 3:22-12, a court is also required to consider possible prejudice to the State, and the public's interest in finality as to any judgment. As the Court has noted, "The difficult task, then, is to determine under what exceptional circumstances applying our Rules could be considered an `injustice,'" compelling relaxation. Mitchell, supra, 126 N.J. at 579, 601 A.2d 198.
The Laurick Court specifically recognized the inherent problems created by allowing petitions to be filed years after the underlying conviction occurred. As a partial remedy, the Court adopted a procedure to address "the difficulty in reviewing such dispositions . . . when transcripts or tapes of the proceedings are no longer available." Laurick, supra, 120 N.J. at 12, 575 A.2d 1340. It ordered that "[i]n the future, the hard-copy judgment of conviction in DWI cases should contain a notation by the municipal court that the Rodriguez notice has been given and counsel waived. That notation will have presumptive correctness." Ibid. (citing the predecessor to N.J.R.E. 201(b)(4) permitting judicial notice of court records). As we noted, the summons in this case complied fully with the suggested procedure. Therefore, as we see it, defendant was obligated to submit sufficient proof in the petition to establish a prima facie case for relief.
Rule 7:10-2(f)(2) has always provided that a defendant's PCR petition in municipal court must "set forth with specificity the facts upon which the claim for relief is based, the legal grounds of the complaint asserted and the particular relief sought." In Schadewald, we noted that
[T]o establish entitlement to the step-down sentence for a second or subsequent DWI:
1. Indigent defendants must establish that they were not given notice of their right to counsel and advised that counsel would be provided for them if they could not afford one.
2. Non-indigent defendants must establish that they were not advised of their right to counsel and that they were unaware of such right at the time they entered the uncounseled pleas.
3. Defendants who establish that they were not adequately noticed of their right to counsel must then demonstrate that if they had been represented by counsel, they had a defense to the DWI charge and the outcome would, in all likelihood, have been different. Police reports, witness statements, insurance investigations and the like may be used to submit proofs that the outcome would have been different if the defendant had the benefit of counsel before pleading guilty.
[Schadewald, supra, 400 N.J.Super. at 354-55, 947 A.2d 657.]
We concede that defendant's petition may be adequate to create a factual dispute as to whether he was advised of his right to counsel, though we note that the petition *247 makes no reference to whether he was indigent or not at the time.
However, the petition fails to set forth any allegation that defendant "had a defense to the DWI charge and the outcome would, in all likelihood, have been different" if he had representation. Defendant contended that he did not "understand how to obtain police reports and other documents which related the State's version of the facts involved in the charges against him and the defenses both factual and legal." However, even assuming that to be true, we fail to see how defendant could not, with the benefit of time, allege factual circumstances that might demonstrate his right to relief. Defendant did not allege he could not obtain the police reports, he simply claimed he did not have them at the time he entered his plea. Defendant did not set forth any possible defense to the DWI charge.
We view defendant's burden in this regard to be critical to determining as to whether the time limits of Rule 3:22-12(a) should be relaxed, and, thereafter, whether defendant is entitled to an evidentiary hearing. In other words, if every defendant who made the kind of unspecific allegations this defendant made was entitled to relief, the prejudice to the State would be obvious. Once the transcript was destroyed, the State would have no way to combat defendant's bald assertions; in this situation, where the State produced the actual summons to refute defendant's assertion, such a result would clearly be unjust.
Our PCR jurisprudence has traditionally required a petitioner to do more than defendant did in this case.
[F]or the petitioner to allege simply that an injustice has transpired is not enough. The petitioner must be prepared to establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. To sustain that burden, specific facts must be alleged and articulated, which, if believed, would provide the court with an adequate basis on which to rest its decision. A court reviewing a petition that does not allege facts sufficient to sustain that burden of proof should not jump to its own conclusions regarding the factual circumstances of the case.

[Mitchell, supra, 126 N.J. at 579, 601 A.2d 198 (internal quotations omitted)(emphasis added).]
We accept arguendo that defendant's petition in this case at least raised a disputed fact as to whether he had been properly advised in accordance with Rodriguez. However it did not articulate a single fact that demonstrated he could sustain his burden of proof and prevail in his Laurick challenge.
Requiring an allegation of some factual predicate for the ultimate relief defendant seeks is a sensible counterbalance to the possible prejudice to the State and detriment to the public interest occasioned by a defendant's mere claim that the Rodriguez notice was not provided. In other words, it is a necessary part of the calculus utilized by the PCR court to determine whether the time constraints of Rule 3:22-12(a) should be relaxed because an injustice may have occurred.
To the extent defendant has argued that his petition was sufficient to at least accord him an evidentiary hearing, we disagree. We have said,
Ordinarily, a post-conviction relief court should grant an evidentiary hearing to a defendant who has presented a prima facie case in support of his application. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits.

*248 [State v. Russo, 333 N.J.Super. 119, 138, 754 A.2d 623 (App.Div.(2000) (internal citations omitted).]
Defendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition.
Weighing all the factors to be considered in determining whether defendant's PCR petition was sufficient to establish grounds for relaxation of Rule 3:22-12(a)'s five-year time limit, we conclude defendant has failed to establish a prima facie case that any failure to advise him in accordance with Rodriguez resulted in an injustice requiring extraordinary relief.

IV.
To summarize, a defendant's Laurick PCR petition brought more than five years after the predicate DWI conviction he challenges as uncounseled must comply with the requirements of Rule 7:10-2. A defendant must first establish that he is entitled to relaxation of Rule 3:22-12(a)'s time limit. In general, given the nature of a Laurick PCR petition, a defendant may routinely establish that any delay in filing his claim was not the result of neglect or some other disqualifying reason. However, a defendant must also allege facts in the petition sufficient to establish a prima facie case for relief under the standards enunciated in Laurick before relaxation is appropriate. In this case, defendant failed to establish a prima facie case for the relief he sought.
Affirmed.
NOTES
[1] We were advised at oral argument that the stay remains in place until resolution of this appeal.
[2] Defendant raised a third argument in his brief, one not raised below. He contended that the hearing held in 1998 definitively decided that he did not waive his right to counsel in 1996, and that finding should have preclusive effect, i.e., defendant can only be sentenced as a second offender for purposes of any custodial term. However, at oral argument, defendant abandoned this claim, so we therefore do not consider the issue.
[3] In Rodriguez, the Court required, as a matter of administrative policy, that any indigent defendant facing "imprisonment . . . or other consequence of magnitude" be advised of a right to representation by counsel, and to "have counsel assigned to him unless he chooses to proceed pro se with his plea of guilty or his defense at trial." 58 N.J. at 295, 277 A.2d 216.
[4] See Pressler, Current N.J. Court Rules, comment 2 on R. 7:10-2 (1999)(noting the adoption of a municipal court PCR rule "was clearly required" by the holding in Laurick).