**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5870-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARLOS B. GONZALEZ,

     Defendant-Appellant.

_____

Submitted December 11, 2019 – Decided February 7, 2020

Before Judges Koblitz and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 11-08-1353 and 12-02-0307.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Roberta DiBiase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Carlos Gonzalez appeals from the July 16, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean these facts from the record. In 2011, defendant and three co-defendants were charged in a four-count indictment with murder, N.J.S.A. 2C:11-3 and 2C:2-6; first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3; first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3; and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (the murder indictment). In 2012, defendant and one co-defendant were charged in a one-count indictment with third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(h) (the aggravated assault indictment). The murder indictment stemmed from the 2010 shooting of two victims, one fatally, in connection with gang-related activities. The aggravated assault indictment stemmed from defendant punching a corrections officer in the county jail where he was incarcerated pending trial on the murder indictment.

Represented by private counsel, on November 13, 2013, defendant entered a negotiated guilty plea to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and aggravated assault of the corrections officer. Under the terms of the plea agreement, the State agreed it would not

2

seek a sentence in excess of twenty-five years, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the aggravated manslaughter charge, to run concurrent with the aggravated assault. The State also agreed to move for the dismissal of the remaining counts of the murder indictment as well as an unrelated 2010 indictment. At the February 26, 2014 sentencing hearing, without objection, an attorney from plea counsel's firm represented defendant. The judge sentenced defendant to an aggregate twenty-two-year term of imprisonment, subject to NERA, in accordance with the plea agreement.

At the sentencing hearing, the judge imposed sentence after finding aggravating factors three, five, and nine, and mitigating factor seven. See N.J.S.A. 2C:44-1(a)(3), "[t]he risk that the defendant will commit another offense;" N.J.S.A. 2C:44-1(a)(5), "[t]here is a substantial likelihood that the defendant is involved in organized criminal activity;" and N.J.S.A. 2C:44-1(a)(9), "[t]he need for deterring the defendant and others from violating the law[.]" See also N.J.S.A. 2C:44-1(b)(7), "[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense[.]" Weighing the factors, the judge was "clearly convinced [that] the aggravating factors

substantially outweigh[ed] the mitigating factor[]."  On February 10, 2015, we affirmed the sentence on a Sentence Only Argument (SOA) calendar, see R. 2:9-11, "conclud[ing] that the findings of fact regarding aggravating and mitigating factors were based on competent and credible evidence in the record[.]"

On January 4, 2017, defendant filed a timely pro se PCR petition, certifying that his attorney "failed to present . . . all of the mitigating factors relevant to [his] case[,]" resulting in the denial of effective assistance of counsel. Additionally, in a supplemental affidavit, defendant averred that his "plea attorney was ineffective in failing to properly explain . . . the difference between first[-]degree aggravated [manslaughter] and second[-]degree manslaughter[,]" and had he been "properly" advised, he "would not have [pled] guilty" but would have gone "to trial."  In his supporting briefs, in addition to arguing that his attorney failed "to argue" certain "mitigating factors," defendant asserted his attorney "neglected to adequately consult with him[,]" and failed to "provide discovery and review same with [him]."

Following oral argument, Judge James Blaney denied defendant's petition. In a July 16, 2018 written decision, the judge reviewed the factual background and procedural history of the case, applied the applicable legal principles, and concluded defendant failed to establish a prima facie case of ineffective

assistance of counsel (IAC). The judge found defendant "failed to show . . . counsel's performance fell below the objective standard of reasonableness" set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 49-53 (1987), or "that the outcome would have been different" as required under "the second prong of the <u>Strickland/Fritz</u> test." Additionally, in rejecting defendant's request for an evidentiary hearing, the judge concluded defendant failed to present any issues that could not be resolved by reference to the existing record.

Specifically, after considering defendant's claim that "there was an 'ongoing lapse of communication' between himself and counsel during the proceedings," the judge rejected the claim as belied by the record. Relying on defendant's colloquy at the plea hearing, Judge Blaney noted defendant "stated under oath that he had 'more than enough time' to meet with [his attorney] before he entered the plea agreement, that [his attorney] explained 'in detail' the nature of both charges [defendant] ple[]d to, and that [his attorney] answered all of [defendant's] questions to his satisfaction." Defendant also confirmed these representations on "each page of the plea form[.]" Additionally, defendant "stated on the record that he was 'more than satisfied' with [his attorney's] representation of him." Likewise, "[defendant] stated on the record at his

sentencing hearing that he was satisfied with the representation of both of his attorneys."

Addressing defendant's assertion that "had he known of the discovery contents[,]" he "would have taken th[e] case to trial," the judge pointed out that defendant failed to "provide th[e] [c]ourt with any affidavits or information explaining what discovery he claims he was unaware of at the time he ple[]d, nor does he explain how this discovery would have persuaded him to take the case to trial." Thus, the judge rejected the claim as "a 'bald assertion' prohibited by [State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)]."

Next, the judge addressed defendant's arguments that his attorney was ineffective for failing to argue at sentencing mitigating factors two, seven, eight, nine, and thirteen. See N.J.S.A. 2C:44-1(b)(2), "[t]he defendant did not contemplate that his conduct would cause or threaten serious harm;" N.J.S.A. 2C:44-1(b)(8), "[t]he defendant's conduct was the result of circumstances unlikely to recur;" N.J.S.A. 2C:44-1(b)(9), "[t]he character and attitude of the defendant indicate that he is unlikely to commit another offense;" and N.J.S.A. 2C:44-1(b)(13), "[t]he conduct of a youthful defendant was substantially influenced by another person more mature than the defendant."

In rejecting these contentions, the judge explained:

6

Here, [defendant] admitted to shooting [the victim], which resulted in his death. [Defendant] further admitted to hitting a corrections officer with his fist while in Ocean County Jail, which resulted in the officer sustaining injuries. This [c]ourt does not find that [defendant's] counsel was ineffective for failing to argue that one who shoots or assaults another did not contemplate that his conduct would cause serious harm [in accord with mitigating factor two], nor does this [c]ourt find that the circumstances were random occurrences to require the finding of mitigating factor eight.

Regarding mitigating factor seven, which the sentencing court in fact found, Judge Blaney stated:

> At the sentencing hearing, [defendant's attorney] stated, "I would like to note that [defendant] is a young man, [twenty-two-]years of age, who up until this point has led a law abiding life. As you can see from his record, he has no record."[1] Although counsel did not directly argue for mitigating factor seven, he did inform the [c]ourt of [defendant's] lack of a prior record . . . .

---

[1] Counsel added:

> "[W]e're here today because [defendant] . . . made an extremely poor choice, and I . . . anticipate that when the time comes for him to speak, he will acknowledge that poor choice and he will also show extreme remorse. So as a result of all of that, . . . I believe that the [c]ourt should show some leniency towards [defendant] and give him less than the [twenty-five] years bargained for."

A-5870-17T4

As to mitigating factor nine, the judge explained that the court "asked [defendant] at the sentencing hearing if he wished to address the [c]ourt[,]" as a result of which defendant "displayed his remorse to the court" for the court to consider if it "chose to." Regarding mitigating factor thirteen, analogizing the case to State v. Torres, 313 N.J. Super. 129 (App. Div. 1998), the judge concluded "this [was] the same type of conduct that the Torres court found to be a 'cold-blooded act' [to] which mitigating factor . . . [thirteen did] not apply." Further, the judge found "no evidence" in the record that defendant "was influenced by an older individual prior to committing the crime" to support mitigating factor thirteen. Therefore, according to the judge, "counsel was not ineffective for choosing not to argue this mitigating factor."

Turning to the prejudice prong of the Strickland test, the judge explained:

> [Defendant] received a [twenty-two] year sentence subject to NERA, for two separate indictments for two separate charges of aggravated manslaughter and aggravated assault. The aggravated manslaughter charge allows for a maximum term of imprisonment of thirty years. Charges dropped included first-degree conspiracy to commit murder, first-degree attempted murder, and second-degree possession of a weapon for an unlawful purpose. These dropped charges all would have exposed [defendant] to a substantially lengthy sentence and [defendant] cannot show that had his counsel argued these factors, his sentence would have been reduced any more than it was already reduced.

8

The judge entered a memorializing order and this appeal followed.

On appeal, defendant raises the following single point for our consideration:

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO COMMUNICATE, REVIEW DISCOVERY, INVESTIGATE, AND REVIEW THE CHARGES ADEQUATELY, ALL OF WHICH LED TO INADEQUATE REPRESENTATION DURING PLEA NEGOTIATIONS AND INADEQUATE ADVOCACY AT SENTENCING.

Merely raising a claim for PCR does not entitle a defendant to an evidentiary hearing. See Cummings, 321 N.J. Super. at 170. Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 463 (1992). However, "[a] court shall not grant an evidentiary hearing" if "the defendant's allegations are too vague, conclusory or speculative[.]" R. 3:22-10(e)(2). Indeed, the defendant "must do more than

9

make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

In turn, we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing. State v. Marshall, 148 N.J. 89, 157 (1997). We also typically review a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). However, where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (quoting Harris, 181 N.J. at 421). We also review de novo the legal conclusions of the PCR judge. Harris, 181 N.J. at 415-16 (citing Toll Bros., 173 N.J. at 549).

To establish a prima facie claim of IAC, defendant must satisfy the two-prong Strickland test: he must show that (1) "counsel's performance was deficient" and he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" to the United States Constitution; and (2) "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; see also Fritz, 105 N.J. at 52. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Id. at 694.

Under the first Strickland prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Adequate assistance of counsel must be measured by a standard of "reasonable competence." State v. Jack, 144 N.J. 240, 248 (1996) (quoting Fritz, 105 N.J. at 53). However, "'[r]easonable competence' does not require the best of attorneys[.]" State v. Davis, 116 N.J. 341, 351 (1989). Under the second Strickland prong, defendant must prove prejudice. Fritz, 105 N.J. at 52. In order to establish the Strickland prejudice prong to set aside a guilty plea, "'a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). That determination should be "based on evidence, not speculation." Ibid. Because there is a strong presumption that counsel "rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment[,]" Strickland, 466 U.S. at 690, a defendant "bears the burden of proving" both prongs of an IAC claim "by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012).

Applying these standards, we affirm substantially for the reasons expressed in Judge Blaney's thoughtful and thorough written opinion. We agree with the judge that defendant failed to make a prima facie showing of ineffective assistance of counsel under the Strickland/Fritz test, and we discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing. Indeed, "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

We have considered all of defendant's contrary arguments in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12