**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1006-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SAINT H. MERILAN, a/k/a
SAINT HILAIRE MERILAN,
SAINT H. MERIALN,
SAINT MERILIAN, and
JASON WILLIAMS,

    Defendant-Appellant.

_____

> Submitted April 29, 2020 – Decided May 22, 2020
>
> Before Judges Koblitz and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-12-0913.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Damen John Thiel, Designated Counsel, on the brief).
>
> Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the July 12, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following points for our consideration:

> POINT I
>
> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] BECAUSE DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE IN INVESTIGATING DEFENDANT'S CASE AND DURING TRIAL.
>
> POINT II
>
> THIS COURT SHOULD FIND THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN HIS PETITION FOR POST-CONVICTION RELIEF, REVERSE THE PCR COURT'S DECISION, AND REMAND THIS CASE FOR A RE-HEARING WITH EFFECTIVE COUNSEL REPRESENTING DEFENDANT.

We reject defendant's contentions and affirm substantially for the reasons expressed in Judge Robert Kirsch's comprehensive and well-reasoned written opinion.

We incorporate herein the facts set forth in State v. Merilan, No. A-2826-14 (App. Div. April 24, 2017) (slip op. at 1-2), certif. denied, 231 N.J. 107 (2017), wherein we affirmed defendant's 2014 conviction for reckless

2                                                        A-1006-18T2

manslaughter and related weapons possession offenses following a jury trial. We also affirmed the nine-year prison sentence, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, memorialized in an October 30, 2014 judgment of conviction. Ibid. To summarize, the convictions stemmed from the 2012 stabbing death of the boyfriend of defendant's daughter's mother. The victim confronted defendant in the street when he was dropping off his seven-year-old daughter at her mother's house, and a fight ensued during which defendant stabbed the victim five times. Id. at 2-6.

At trial, defendant testified he defended himself with "his pocketknife" against an attack by the victim, "who repeatedly punched him," his daughter's mother, "who struck him in the back of the head 'with a tire iron,'" and "two unidentified men," who "flanked . . . him on each side" and then "ran off" when "[t]he fight suddenly stopped." Id. at 5-6. The involvement of the two unidentified men was never corroborated by any of the other eyewitnesses who testified at the trial, consisting of defendant's daughter, her mother, the victim's sister, and a neighbor. After defendant turned himself in, "police photographed [his] body and observed cuts on his arms and hands, which did not appear serious." Id. at 5.

A-1006-18T2

In his timely PCR petition, defendant certified he "provided the police and [his] attorney" with a description of the two unidentified attackers, describing them as "dark skinned like me." He averred his attorney was ineffective by failing to investigate and identify the two men, "for example, by interviewing local residents and other witnesses," in order to "corroborate[ his] testimony" and "bolster[ his] self-defense claim."

Following oral argument, the judge denied defendant's petition. In his July 12, 2018 written decision, the judge reviewed the factual background and procedural history of the case, applied the applicable legal principles, and concluded defendant "failed to establish a prima facie claim of ineffective assistance of counsel [(IAC)]." The judge found defendant failed to show that either counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that the outcome would have been different without the purported deficient performance as required under the second prong of the Strickland/Fritz test. Additionally, in rejecting defendant's request for an evidentiary hearing, the judge concluded defendant failed to present any issues that could not be resolved by reference to the existing record.

In addressing defendant's claim that trial counsel was ineffective by failing to investigate the two unidentified attackers, Judge Kirsch found that "beyond [defendant's] testimony . . . , there exists no evidence on the record that these men existed or were present during the altercation." Moreover, defendant "does not dispute that he stabbed the victim, but claim[ed] he did so after he was attacked by [the victim], [his daughter's mother] and the two . . . unidentified [m]en." However, according to the judge, when defendant was photographed, police "did not see any bruising, swelling, marks, or blood on [defendant's] back, head, or shoulders," "contradict[ing] [his] statement that he was kneed in the face and repeatedly hit by [the victim], [his daughter's mother], and the two . . . unidentified men." The judge concluded "[t]he jury apparently did not credit [defendant's] self-serving, uncorroborated rendition." Judge Kirsch entered a memorializing order and this appeal followed.

On appeal, defendant argues that because "the extent of the attack and the number of attackers" constituted "the linchpin of [his] self-defense defense," "an evidentiary hearing should have been scheduled to allow [him] to provide evidence of his allegations." Merely raising a claim for PCR does not entitle a defendant to relief or an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary

hearings only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 463 (1992). However, "[a] court shall not grant an evidentiary hearing" if "the defendant's allegations are too vague, conclusory or speculative." R. 3:22-10(e)(2). Indeed, the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

In turn, "we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." Ibid. (alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). We also typically review a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and

credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). However, where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting Harris, 181 N.J. at 421). We also review de novo the legal conclusions of the PCR judge. Harris, 181 N.J. at 415-16 (citing Toll Bros., 173 N.J. at 549).

To establish a prima facie claim of IAC, a defendant must satisfy the two-prong Strickland/Fritz test, and "bears the burden of proving" both prongs of an IAC claim "by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). Specifically, a defendant must show that (1) "counsel's performance was deficient" and he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" to the United States Constitution; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; see also Fritz, 105 N.J. at 52. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A-1006-18T2

Under the first Strickland prong, "a defendant must overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." State v. Hess, 207 N.J. 123, 147 (2011) (quoting Strickland, 466 U.S. at 689-90). "[C]ounsel is strongly presumed to have rendered adequate assistance," Strickland, 466 U.S. at 690, as measured by a standard of "reasonable competence." Fritz, 105 N.J. at 53. However, "'[r]easonable competence' does not require the best of attorneys," State v. Davis, 116 N.J. 341, 351 (1989), and "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89.

For that reason,

> an otherwise valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's exercise of judgment during the trial. The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt.[1]

---

1  In that regard, it should be noted that defendant's second-degree reckless manslaughter conviction was the lesser included offense to the charged offense of first-degree aggravated manslaughter, and defendant was acquitted of aggravated assault of his daughter's mother.

A-1006-18T2

> As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of a fair trial.
>
> [State v. Castagna, 187 N.J. 293, 314-15 (2006) (citations, internal quotation marks, and brackets omitted).]

Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

Nonetheless, an attorney's failure to investigate "is a serious deficiency that can result in the reversal of a conviction." Porter, 216 N.J. at 353. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. However, "when a [defendant] claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170.

Under the second Strickland prong, defendant must prove prejudice. Fritz, 105 N.J. at 52. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. This prong "is an

A-1006-18T2

exacting standard" and "'[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" State v. Allegro, 193 N.J. 352, 367 (2008) (alteration in original) (quoting Castagna, 187 N.J. at 315).

Applying these principles, we are satisfied defendant failed to make a prima facie showing of IAC under the Strickland/Fritz test, and we discern no abuse of discretion in the judge's denial of defendant's PCR petition without an evidentiary hearing. We agree with the judge that other than defendant's vague description, there is no evidence to support defendant's bald assertion "that these men existed or were present during the altercation." Contrary to defendant's assertion, "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

For the first time on appeal, defendant asserts that his PCR counsel was ineffective because he "submitted no detailed certification by [d]efendant," "made only a minimal argument in support of [d]efendant's petition" in the written submissions, and offered "no argument" or "rebuttal argument" during

10

oral argument.  "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below."  State v. Galicia, 210 N.J. 364, 383 (2012).  Thus, we decline to consider defendant's new contentions.  Indeed, our task in this appeal is to review the PCR court's ruling in view of the record before us.  However, defendant is free to file a new PCR petition asserting that counsel assigned to represent him in his first PCR rendered ineffective assistance.  See R. 3:22-4(b)(2)(C).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1006-18T2