**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0198-19T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEN GUNTER,

     Defendant-Appellant.

_____

        Submitted January 11, 2021 – Decided January 26, 2021

        Before Judges Mayer and Susswein.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-09-2431.

        Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

        Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caitlinn Raimo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ken Gunter appeals from a June 26, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In June 22, 2017, defendant entered a store in Newark with a "loaded and operable" handgun. He approached the store's employees, demanded money, and threatened the employees with the gun. Defendant took $200 placed on the counter by the employees and fled the store. Two weeks later, defendant was arrested. In September 2017, defendant was indicted on the following charges: first-degree robbery, N.J.S.A. 2C:15-1; second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

Defendant entered a guilty plea as to robbery and unlawful possession of a weapon. In return for defendant's guilty plea, the State agreed to dismiss the possession of a weapon for an unlawful purpose charge.

At the sentencing hearing, the judge reviewed the pre-sentence investigation report, which detailed a history of juvenile adjudications, seven adult arrests with three indictable convictions, and defendant's struggle with substance abuse. The judge found aggravating factors three, six, and nine were applicable. N.J.S.A. 2C:44-1(a)(3), (6), (9). He found no mitigating factors.

Thus, the judge concluded the aggravating factors outweighed the mitigating factors and sentenced defendant in accordance with the plea. On the robbery charge, defendant was sentenced to fifteen years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. On the unlawful possession of a weapon charge, defendant was sentenced to a concurrent ten-year prison term with a five-year parole disqualifier. The remaining count was dismissed.

In September 2018, defendant filed a pro se PCR petition, and his assigned counsel submitted a supporting brief. Defendant argued he was dissatisfied with his court appointed trial counsel. He also claimed no gun was recovered and the crime was not reported until one week later. In his petition, defendant focused the ineffective assistance of counsel argument on his counsel's failure to provide the sentencing court with proofs supporting two mitigating factors: N.J.S.A. 2C:44-1(b)(2), defendant did not contemplate his conduct would cause or threaten harm, and N.J.S.A. 2C:44-1(b)(13), defendant's youthful conduct was substantially influenced by another, more mature person, claiming, specifically, defendant was influenced by his father.

Judge Michael A. Petrolle conducted a non-evidentiary PCR hearing on June 26, 2019. The judge rendered an oral decision, concluding defense

counsel's failure to raise the asserted mitigating factors did not constitute ineffective assistance of counsel.

Regarding the failure to advance the argument at sentencing that defendant did not contemplate his conduct would cause or threaten serious harm, Judge Petrolle concluded the "fact that [defendant] had a gun, whether it [was] loaded or not[,] [was] suspicion to both cause or threaten harm."[1]  Further, the judge explained, "[T]o say the defense did not contemplate that the conduct would cause or threaten harm is to ignore the truth of life, which is that anybody who points a gun or uses a gun toward another person is contemplating the threat of harm."

Judge Petrolle determined defendant failed to satisfy the two-part test under the Strickland/Fritz[2] analysis in support of the ineffective assistance of counsel claim.  He found "no deficiency in the performance of the attorney" as a result of failing to raise inapplicable mitigating factors.  He also concluded there was no "prejudice to [defendant] because there [was] no deficiency." Consequently, the judge denied defendant's PCR petition.

---

[1]  During the plea hearing, defendant admitted the gun was "loaded and operable."

[2]  Strickland v. Washington, 466 U.S. 668, 687 (1984), and State v. Fritz, 105 N.J. 42, 58 (1987).

On appeal from denial of his PCR petition, defendant raises the following argument:

POINT ONE

> MR. GUNTER IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.

We affirm substantially for the reasons set forth on the record by Judge Petrolle in his oral decision. We add only the following brief comments. Defendant claimed his trial attorney was ineffective in failing to raise mitigating factor thirteen during sentencing. Mitigating factor thirteen, N.J.S.A. 2C:44-1(b)(13), provides, "The conduct of a youthful defendant was substantially influenced by another person more mature than defendant." This mitigating factor applies to situations involving a youthful defendant and an older, influential individual who actively encourages and aids in the crime. See State v. Megargel, 278 N.J. Super. 557, 563-65 (App. Div. 1995) (describing defendant as "young, impressionable, trusting, somewhat naïve[,]" and unlikely to commit the crimes without the influence of someone "more mature" and "who held a position of authority that defendant respected and indeed relied upon").

A-0198-19T2

Here, defendant was twenty-one years old when he committed the robbery. In addition, defendant had an extensive juvenile and adult criminal history prior to the commission of this crime. Further, defendant presented no proof his father influenced his decision to rob the store. Thus, mitigating factor thirteen was inapplicable under the circumstances, and defense counsel's failure to present supporting proofs was not deficient.

On appeal, defendant claims defense counsel should have presented information at sentencing regarding defendant's history of substance abuse. We reject this argument for two reasons. First, substance abuse is not a mitigating factor under N.J.S.A. 2C:44-1(b). In addition, defendant was ineligible for drug court as a result of his conviction for first-degree robbery. See N.J.S.A. 2C:35-14(a)(5) and N.J.S.A. 2C:35-14 (b)(1). Second, the judge considered defendant's substance abuse issues based on the information in the pre-sentence investigation report prepared in connection with the sentencing hearing.

We agree with the PCR judge defendant failed to make a prima facie showing of ineffective assistance of counsel under the Strickland/Fritz test. Nor do we discern an abuse of discretion in the judge's denial of defendant's PCR petition without an evidentiary hearing. A "[d]efendant must demonstrate a

prima facie case for relief before an evidentiary hearing is required . . . . "  State

v. Bringhurst, 401 N.J. Super. 421, 436 (App. Div. 2008).

The remainder of defendant's arguments are without sufficient merit to warrant further decision in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0198-19T2