**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3682-18T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

URIE RIDGEWAY,

      Defendant-Appellant.

_____

> Submitted February 5, 2020 – Decided March 11, 2020
>
> Before Judges Gooden Brown and Mawla.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-12-1315.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).
>
> Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Urie Ridgeway appeals from the September 13, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean these facts from the record. Along with his uncle, co-defendant Willie Hymon, defendant was charged in a ten-count indictment with first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count one); first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1) (count two); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count three); second-degree burglary, N.J.S.A. 2C:18-2(a)(1) (count four); third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (count five); third-degree theft, N.J.S.A. 2C:20-3(a) (count six); third-degree criminal restraint, N.J.S.A. 2C:13-2(a) (count seven); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count eight); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count nine); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count ten). The charges stemmed from a home invasion robbery, during which the sixty-four-year-old victim was bound, terrorized, tortured, and threatened with a deadly weapon.

On July 27, 2016, defendant entered a negotiated guilty plea to count one, as amended to reflect that the robbery was committed "[w]hile armed with a

deadly weapon, to wit: [a] blunt object."[1]  See N.J.S.A. 2C:15-1(b).  The prosecutor explained that "the amendment [was] appropriate under the [c]ourt [r]ules" because it was "consistent with what was presented to the grand jury and . . . consistent with the discovery . . . provided to defense counsel, so there [was] no surprise."  See State v. Dorn, 233 N.J. 81, 96 (2018) ("[T]he analysis as to whether an indictment was sufficient and whether an amendment under Rule 3:7-4 was appropriate hinges upon whether the defendant was provided with adequate notice of the charges and whether an amendment would prejudice defendant in the formulation of a defense.").  When questioned by the trial court, defense counsel responded he had no objection to the amendment as part of the plea agreement, which also included the prosecutor's agreement to move the dismissal of the remaining counts, and to recommend a twelve-year sentence, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

During the plea allocution, defendant admitted that he and co-defendant Hymon robbed the victim on February 8, 2014, in Medford Township, by committing a theft while armed with a deadly weapon.  Specifically, while co-

---

[1] The original charge alleged that the robbery was committed while "inflict[ing] bodily injury or us[ing] force upon another."  See N.J.S.A. 2C:15-1(a)(1).

defendant Hymon was armed with a blunt object, they entered the victim's home, and stole items from the house. Among the items stolen, defendant admitted stealing the victim's cell phone. After ensuring that the plea conformed with the requirements of Rule 3:9-2, and that the factual basis sufficed to establish accomplice liability, see N.J.S.A. 2C:2-6, the judge accepted defendant's guilty plea.

At the sentencing hearing on October 6, 2016, defense counsel argued there were "mitigating factors that the [c]ourt should consider." Defense counsel pointed to defendant's agreement to pay "restitution . . . to the extent that [defendant] has the ability to pay," see N.J.S.A. 2C:44-1(b)(6), and to defendant's lifetime struggle with "drug addiction . . . since . . . age [twenty-two]." Defense counsel elaborated that defendant's use of "cocaine and alcohol . . . has contributed to his departures from living a law-abiding life" and prevented him from "being the productive citizen" he hoped to be. Defense counsel added that, in fact, defendant "was under the influence of cocaine" when the crime occurred but "because of the nature of the offense . . . he was not eligible for drug court." See N.J.S.A. 2C:44-1(b)(4). Additionally, in mitigation, defense counsel asserted that defendant believed the house he was

entering with his co-defendant "was actually an abandoned house," but that turned out not to be the case. See N.J.S.A. 2C:44-1(b)(2).

The judge sentenced defendant in accordance with the plea agreement. Notwithstanding defense counsel's arguments, the judge found "no mitigating factors" and aggravating factors three, six, and nine. See N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted"); N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"). In "conclud[ing] that the aggravating factors clearly and substantially outweigh[ed] the mitigating factors," the judge explained that while he "sympathize[d] with" and had "compassion towards" "somebody [like defendant] who has a drug addiction," his "compassion . . . and . . . sympathy end[ed] when the drug-addicted person's conduct turn[ed] to violence, as it did here."

On June 5, 2017, we heard defendant's challenge to his sentence on the sentence only argument calendar. See R. 2:9-11. We affirmed the sentence but remanded the matter "to the trial court for an amended judgment of conviction to reflect one . . . [additional] day of jail credit." On September 28, 2017, the Supreme Court denied defendant's petition for certification. State v. Ridgeway,

230 N.J. 610 (2017).  Shortly thereafter, on October 27, 2017, defendant filed the PCR petition that is the subject of this appeal, asserting ineffective assistance of counsel (IAC).

In his supporting pro se brief, defendant alleged that his plea counsel pressured him into pleading guilty, "failed to communicate with [him] throughout the plea process," failed to provide him with "the complete discovery," "failed to investigate" the case, failed to file any "motions to suppress . . . evidence" or dismiss charges, and gave "minimal argument at sentencing."  He asserted he pled guilty because "he feared the consequences of going to trial" with his attorney representing him.  Defendant also alleged that his appellate counsel was ineffective by failing to raise several arguments on appeal that "may" have resulted in "a lesser sentence."  In his counseled brief, defendant alleged his attorney was ineffective by failing to file a motion to withdraw his guilty plea based on an inadequate factual basis.

During oral argument, defendant relied on the arguments contained in both briefs.  However, rather than seeking "a new trial" or "a new sentencing hearing," defendant specified that "the relief [he was] seeking" was limited to "a reduction in the custodial sentence."  Defendant argued that had plea "counsel fulfilled all his duties without any errors," the court would have sentenced him

6

to "a ten-year sentence," subject to NERA. The State responded that there was no basis to reduce defendant's sentence because "it was a negotiated plea," and the sentence was reasonable given the serious charges defendant faced "that carried a very significant amount of exposure." The State also pointed out that his co-defendant was convicted following a jury trial, during which "the victim testified at length," and the co-defendant subsequently received a thirty-year NERA sentence.

Following oral argument, the PCR court denied defendant's petition. In a written decision, the judge reviewed the factual background and procedural history of the case, applied the applicable legal principles, and concluded defendant failed to establish a prima facie case of IAC. The judge found defendant failed to show that either counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that the outcome would have been different as required under the second prong of the Strickland/Fritz test. Additionally, in rejecting defendant's request for an evidentiary hearing, the judge concluded defendant failed to present any issues that could not be resolved by reference to the existing record.

Specifically, the judge determined defendant's attorney "acted in an objectively reasonable manner when he negotiated [defendant's] plea" because defendant was facing "four charges of first[-] or second-degree crimes" and defendant's "potential custodial exposure was vastly greater than his current twelve-year term of incarceration." The judge pointed out that during the plea colloquy, defendant acknowledged that he was entering the plea voluntarily, that no one had pressured him into pleading guilty, that he understood the charge he was pleading guilty to, that he understood the consequences of his plea, that he had discussed the matter with his attorney, and that he was satisfied with his attorney's services and advice.

Further, the judge determined that during the plea hearing, plea "counsel elicited a factual basis that satisfied each element of [N.J.S.A.] 2C:15-1(a)" under "an accomplice liability theory" because "[t]he elicited factual basis" demonstrated that defendant and co-defendant Hymon "both entered the victim's home without consent," and "Hymon threatened the victim's life" with "a blunt object" while "[defendant] stole [the victim's] phone." Additionally, the judge explained that "[e]ven if [he] . . . accept[ed] defendant's argument that [his

8

attorney's] failure to file a <u>Slater</u>[2] motion [met] the first <u>Strickland</u> prong," defendant provided no showing that "he would have been successful in a [m]otion to [w]ithdraw [his] [g]uilty [p]lea" "to satisfy the second [<u>Strickland</u>] prong," because defendant "fail[ed] to raise a colorable claim of innocence," as required under <u>Slater</u>.[3]

On appeal, defendant raises the following point for our consideration:

> <u>POINT ONE</u> – DEFENDANT'S PLEA COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE BY PERMITTING HIM TO ENTER A GUILTY PLEA WITHOUT A PROPER FACTUAL BASIS, FAILING TO MOVE TO WITHDRAW THE PLEA, FAILING TO ADEQUATELY COMMUNICATE WITH DEFENDANT AND INVESTIGATE THE CASE AND FAILING TO MAKE AN EFFECTIVE ARGUMENT IN MITIGATION OF SENTENCE.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS

---

[2] <u>See</u> <u>State v. Slater</u>, 198 N.J. 145, 157-58 (2009) (establishing four factors trial courts must "consider and balance . . . in evaluating motions to withdraw a guilty plea," namely, "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.").

[3] Defendant correctly points out that, contrary to the judge's analysis, "when the issue is solely whether an adequate factual basis supports a guilty plea, a <u>Slater</u> analysis is unnecessary." <u>State v. Tate</u>, 220 N.J. 393, 404 (2015).

A-3682-18T2

AND PETITIONS FOR POST-CONVICTION RELIEF.

B. TRIAL COUNSEL WAS INEFFECTIVE FOR PERMITTING DEFENDANT TO PLEAD GUILTY TO A FIRST[-]DEGREE CRIME WITHOUT A FACTUAL BASIS, AND FOR FAILING TO MOVE TO WITHDRAW THE GUILTY PLEA.

C. FAILURE TO COMMUNICATE, INVESTIGATE AND CALL WITNESSES.

D. COUNSEL'S PERFORMANCE AT SENTENCING.

Defendant asserts the judge erred by denying "[his] [p]etition without affording him an evidentiary hearing." Merely raising a claim for PCR does not entitle a defendant to relief or an evidentiary hearing. See Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 463 (1992). However, "[a] court shall not grant an evidentiary hearing" if "the

defendant's allegations are too vague, conclusory or speculative."  R. 3:22-10(e)(2).  Indeed, the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel.  He must allege facts sufficient to demonstrate counsel's alleged substandard performance."  Cummings, 321 N.J. Super. at 170.

In turn, we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing.  State v. Marshall, 148 N.J. 89, 157 (1997).  We also typically review a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible evidence.'"  State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).  However, where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'"  State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting Harris, 181 N.J. at 421).  We also review de novo the legal conclusions of the PCR judge.  Harris, 181 N.J. at 415-16 (citing Toll Bros., 173 N.J. at 549).

To establish a prima facie claim of IAC, defendant must satisfy the two-prong Strickland test: he must show that (1) "counsel's performance was

11

deficient" and he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" to the United States Constitution; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; see also Fritz, 105 N.J. at 52. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Under the first Strickland prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Adequate assistance of counsel must be measured by a standard of "'reasonable competence.'" State v. Jack, 144 N.J. 240, 248 (1996) (quoting Fritz, 105 N.J. at 53). However, "'[r]easonable competence' does not require the best of attorneys . . . ." State v. Davis, 116 N.J. 341, 351 (1989).

Under the second Strickland prong, defendant must prove prejudice. Fritz, 105 N.J. at 52. In order to establish the Strickland prejudice prong to set aside a guilty plea based on IAC, a defendant must show "'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J.

434, 457 (1994) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Moreover, "'a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances.'"  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).  That determination should be "based on evidence, not speculation."  Ibid.  Because there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," Strickland, 466 U.S. at 690, a defendant "bears the burden of proving" both prongs of an IAC claim "by a preponderance of the evidence."  State v. Gaitan, 209 N.J. 339, 350 (2012).

Applying these standards, we are satisfied defendant failed to make a prima facie showing of IAC under the Strickland/Fritz test, and we discern no abuse of discretion in the judge's denial of defendant's PCR petition without an evidentiary hearing.  Defendant argues "plea counsel was ineffective for permitting the improper amendment of the robbery charge, [4] for permitting him

---

[4]  We note that this specific claim was never presented to the PCR judge, and, therefore, is not properly before us.  See State v. Galicia, 210 N.J. 364, 383 (2012) ("Generally, an appellate court will not consider issues, even

to enter a plea to a first[-]degree crime without an adequate factual basis, and for failing thereafter to move to withdraw the plea." Additionally, defendant claims his attorney "was ineffective for failing to adequately communicate with him, and to properly investigate the case, including interviewing and producing trial witnesses."[5] Finally, defendant asserts his plea counsel "was ineffective for failing to make an effective argument in mitigation of sentencing."[6]

---

constitutional ones, which were not raised below." (citing Deerfield Estates, Inc. v. E. Brunswick, 60 N.J. 115, 120 (1972))).

[5] Contrary to defendant's claim, the record includes letters he received from his attorney advising him of the status of the case, the results of plea negotiations, and the outcome of the investigation and interview of a potential witness. Defendant provides no information about investigative leads his attorney failed to pursue or specific witnesses his attorney failed to interview. Instead, defendant seeks an evidentiary hearing to explore these issues. However, "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

[6] Relying on defendant's challenge to his sentence as excessive on direct appeal, the PCR judge mistakenly applied Rule 3:22-5, barring claims previously adjudicated on the merits in a direct appeal. Nonetheless, defendant's claim is belied by the record. Unlike State v. Hess, 207 N.J. 123, 154 (2011), where "[t]he sentencing court heard the prosecution's impassioned account, and from the defense a deafening silence," here, defense counsel vigorously argued both statutory and non-statutory mitigating factors on defendant's behalf. "The test is not whether defense counsel could have done better, but whether he met the constitutional threshold for effectiveness." State v. Nash, 212 N.J. 518, 543 (2013).

A-3682-18T2

Even if defense counsel's performance was deficient, defendant has failed to establish the prejudice prong of the Strickland/Fritz test to set aside his guilty plea because defendant never demonstrated that "but for counsel's errors," he "would not have pled guilty and would have insisted on going to trial[,]" DiFrisco, 137 N.J. at 457 (quoting Hill, 474 U.S. at 59), and "'a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances.'" Maldon, 422 N.J. Super. at 486 (quoting Padilla, 559 U.S. at 372). Indeed, during oral argument on his PCR petition, defendant specifically limited the relief he sought to a reduced sentence, rather than seeking to vacate his guilty plea and proceed to trial. Thus, defendant failed to satisfy his burden of proving both prongs of his IAC claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3682-18T2