**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0930-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHY ARIAS,

    Defendant-Appellant.

_____

Submitted April 22, 2020 – Decided May 28, 2020

Before Judges Koblitz and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 10-03-0217.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the January 23, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following single point for our consideration:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO PURSUE A VOICE-IDENTIFICATION EXPERT AND/OR A GANG-LANGUAGE EXPERT SO AS TO REBUT THE STATE'S KEY WITNESSES.

We reject defendant's contention and affirm substantially for the reasons expressed in Judge Miguel A. de la Carrera's well-reasoned written opinion.

We incorporate herein the facts set forth in State v. Arias, No. A-0621-12 (App. Div. November 6, 2015) (slip op. at 1), certif. denied, 224 N.J. 282 (2016), wherein we affirmed defendant's 2012 conviction for "second-degree conspiracy to distribute cocaine," following a jury trial. We also affirmed the six-year sentence of imprisonment memorialized in a July 5, 2012 judgment of conviction. Ibid. To summarize, the conviction stemmed from a 2009 covert "police investigation of illegal gambling and narcotics distribution," resulting in the acquisition of incriminating evidence through "physical surveillance" and "wiretapped conversations" of the primary suspect's phone calls with co-conspirators, such as defendant. Id. at 1-4.

2

At trial, "the lead detective, David Cruz," was "qualified . . . as an expert in the area of narcotics distribution," including the use of "coded language" in telephone conversations "'to impede law enforcement' in case of a wiretap." Id. at 1-2. "Cruz testified that the majority of the wiretapped conversations that he monitored on the suspect's phone were drug-related, with people calling the suspect to order narcotics." Id. at 3. "Typically, the calls were very short. The caller would give the suspect a number or 'give a code word' . . . and the two would arrange to meet at a specified location." Ibid.

One of the officers monitoring the intercepted conversations, Sergeant Edward Dehais, also testified at trial. He "had known defendant for at least twenty years," and "was able to identify defendant as one of the voices on a number of phone calls with the suspect." Ibid. "In Cruz's opinion, defendant . . . called the suspect for the purpose of ordering cocaine." Ibid. During "two surveillance operations . . . conducted with respect to defendant's dealings with the suspect," detectives observed the suspect and defendant meet and engage in a "quick" hand-to-hand "transaction." Id. at 4-5. "[A]t the conclusion of the wiretap investigation, Cruz obtained search warrants" which resulted in the seizure of "[m]ore than half an ounce of cocaine . . . , as well as considerable

A-0930-18T4

paraphernalia for the distribution of drugs." Id. at 6. "No cocaine or paraphernalia was found on defendant when he was arrested." Ibid.

In his timely PCR petition, defendant asserted through his assigned PCR counsel that he received ineffective assistance of counsel (IAC) because trial counsel failed to retain and call an expert on criminal coded language and the reliability of voice identification to counter the testimony of Cruz and Dehais. Following oral argument, Judge de la Carrera denied defendant's petition. In his written decision, the judge reviewed the factual background and procedural history of the case, applied the applicable legal principles, and concluded defendant "failed to establish a prima facie" claim of IAC.

The judge found defendant failed to show that either counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that the outcome would have been different without the purported deficient performance as required under the second prong of the Strickland/Fritz test. Additionally, in rejecting defendant's request for an evidentiary hearing, the judge concluded defendant failed to present any issues that could not be resolved by reference to the existing record.

4

In addressing defendant's argument regarding the coded language expert, Judge de la Carrera pointed out that "Cruz testified that the investigation . . . began as an illegal gambling investigation" and "became an illegal narcotics distribution investigation precisely because of the nature of the coded language . . . employed by [defendant] and his co-[d]efendants." The judge reasoned:

> The existence or availability of an expert in the use of coded language in criminal enterprises is not explained by [defendant]. That such an expert, if one had been available, could effectively do more than defense trial counsel did in challenging Det. Cruz's opinion through cross-examination is speculative. If PCR counsel had retained such an expert in order to provide a proffer as to how a defense expert in coded language could have persuasively painted a different picture, then perhaps this argument might be more than sheer conjecture, which it appears to be.

Likewise, according to the judge,

> [defendant's] argument regarding what a voice recognition expert (assuming the existence and availability of same for this trial, which has not been proffered, either) might have done to undermine . . . Dehais' . . . identification of [defendant's] recorded voice on the wiretaps, is also doomed by its sheer speculative nature.

Additionally, stressing that "Dehais was a fact witness, [and] not an expert witness," the judge noted that although PCR counsel "concede[d] that trial counsel 'was a vigorous advocate for his client,'" PCR counsel "simply

A-0930-18T4

believe[d] that only expert testimony . . . could have sufficiently undermined Sergeant Dehais' identification of [defendant's] voice."

However, according to the judge, for "an expert witness . . . to 'opine on the credibility of a particular eyewitness/(earwitness)[,'] which Sergeant Dehais was" would have "veer[ed] toward a prohibited area for . . . an expert witness." See State v. Jamerson, 153 N.J. 318, 339 (1998) (finding impropriety in expert's testimony that exceeded area of expertise and opined on credibility of other witnesses). The judge explained that, instead,

> Defense counsel . . . argued, appropriately, that Sergeant Dehais' initial identification of [d]efendant's voice was less than certain initially and that he had not heard his voice in some ten years although he had personally known [defendant] for some twenty years. He vigorously challenged the witness's recollection and ability to identify [defendant] through his recorded voice.

The judge entered a memorializing order and this appeal followed.

On appeal, defendant renews the arguments handily rejected by Judge de la Carrera, arguing that because the judge rejected his petition "exclusively upon the absence of any expert's proffer," "this matter must be 'remand[ed] . . . for an evidentiary hearing and a determination of defendant's claim.'" Merely raising a claim for PCR does not entitle a defendant to relief or an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather,

trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 463 (1992). However, "[a] court shall not grant an evidentiary hearing" if "the defendant's allegations are too vague, conclusory or speculative." R. 3:22-10(e)(2). Indeed, the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. Further, "when a [defendant] claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170.

In turn, "we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding

7

an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." Ibid. (alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). We also typically review a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). However, where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting Harris, 181 N.J. at 421). We also review de novo the legal conclusions of the PCR judge. Harris, 181 N.J. at 415-16 (citing Toll Bros., 173 N.J. at 549).

To establish a prima facie claim of IAC, a defendant must satisfy the two-prong Strickland/Fritz test, and "bears the burden of proving" both prongs of an IAC claim "by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). Specifically, a defendant must show that (l) "counsel's performance was deficient" and he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" to the United States

Constitution; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; see also Fritz, 105 N.J. at 52. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Under the first Strickland prong, "a defendant must overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." State v. Hess, 207 N.J. 123, 147 (2011) (quoting Strickland, 466 U.S. at 689-90). "[C]ounsel is strongly presumed to have rendered adequate assistance," Strickland, 466 U.S. at 690, as measured by a standard of "reasonable competence." Fritz, 105 N.J. at 53. However, "'[r]easonable competence' does not require the best of attorneys," State v. Davis, 116 N.J. 341, 351 (1989), and "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89.

For that reason,

> an otherwise valid conviction will not be overturned
> merely because the defendant is dissatisfied with his or

9

her counsel's exercise of judgment during the trial. The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt. As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of a fair trial.

[State v. Castagna, 187 N.J. 293, 314-15 (2006) (citations, internal quotation marks, and brackets omitted).]

Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

Under the second Strickland prong, defendant must prove prejudice. Fritz, 105 N.J. at 52. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. This prong "is an exacting standard" and "'[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" State v. Allegro, 193 N.J. 352, 367 (2008) (alteration in original) (quoting Castagna, 187 N.J. at 315).

Applying these principles, we are satisfied defendant failed to make a prima facie showing of IAC under the Strickland/Fritz test, and we discern no

abuse of discretion in the judge's denial of defendant's PCR petition without an evidentiary hearing. We agree with the judge that defendant's speculative allegations are unsupported "by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170. Contrary to defendant's contention, "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0930-18T4