# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1110-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

L.O.T.,[1]

     Defendant-Appellant.

_____

> Submitted January 25, 2021 – Decided March 5, 2021
>
> Before Judges Sabatino and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-05-0268.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Jennifer E. Kmieciak, Deputy Attorney General, of counsel and on the brief).

---

[1] We use initials to protect the confidentiality of the victim. R. 1:38-3(c)(12).

PER CURIAM

Defendant appeals from the August 9, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Following a jury trial, defendant was convicted of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and related offenses stemming from his molestation of his four-year-old daughter. The evidence presented at trial included the victim's testimony that defendant digitally penetrated her, her consistent disclosures to her mother, a detective, and a child abuse pediatrician, as well as defendant's confession to police during a custodial interrogation, which confession was ruled admissible by the trial court after conducting a hearing pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).

Defendant was sentenced to an aggregate term of fifteen years' imprisonment, subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2, and Megan's Law, N.J.S.A. 2C:7-1 to -23, and a special sentence of parole supervision for life, N.J.S.A. 2C:43-6.4, was imposed. His convictions and sentence were affirmed on appeal, State v. L.O.T., No. A-0458-15 (App. Div. Dec. 14, 2017), and the Supreme Court denied his petition for certification, State v. L.O.T., 233 N.J. 320 (2018).

In appealing the denial of his timely PCR petition, defendant raises the following points for our consideration:

POINT I

THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, PAR[.] 10 OF THE NEW JERSEY CONSTITUTION.

POINT II

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT III

THE DEFENDANT IS ENTITLED TO DE NOVO REVIEW, AND NO DEFERENCE SHOULD BE GIVEN TO THE ERRONEOUS CONCLUSION BELOW.

After reviewing the record in light of the applicable legal standards, we affirm substantially for the reasons articulated by Judge Anthony F. Picheca Jr. in his well-reasoned written statement of reasons accompanying his August 9, 2019 order denying the petition. We add the following comments for elucidation.

In his pro se PCR petition, defendant asserted he was denied the effective assistance of counsel based on his attorney's failure to (1) "properly confer with [him] prior to trial;" (2) "secure favorable affidavits from friends, family,

3

employers and other members of the community" and "vigorously argue for certain mitigating factors on behalf of defendant at sentencing;" and (3) "provide [him] with . . . full discovery . . . thus effectively preventing [him] from assisting in the preparation of his defense."   After he was assigned counsel, his PCR attorney submitted an amended petition incorporating defendant's pro se petition and adding that "trial counsel was ineffective for not conducting any investigation whatsoever pre-trial through trial and sentencing, as outlined in his original petition."  In his counseled brief, defendant argued that trial counsel failed to "conduct adequate investigation" into "his severe anxiety which . . . led him to give a damaging statement to the police" and "never once considered consulting an expert to determine how this condition effected his client when interviewed by the police."

In his written decision issued following oral argument, Judge Picheca applied the governing legal principles and concluded defendant failed to establish a prima facie case of ineffective assistance of counsel (IAC) by a preponderance of the evidence.  Viewing the facts in the light most favorable to defendant, the judge found defendant failed to show that either counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our

Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that the outcome would have been different without the purported deficient performance as required under the second prong of the Strickland/Fritz test.

In expressly rejecting defendant's claims, the judge explained that defendant "submitted no arguments regarding how an investigation into his anxiety would have been useful prior to or during trial" and "pointed" to no "facts that may have been discovered by an investigation." Thus, the judge concluded that "based upon the information communicated to counsel" about defendant's anxiety, counsel had no "obligation to investigate further." See State v. Chew, 179 N.J. 186, 217 (2004) ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." (alteration in original) (quoting Strickland, 466 U.S. at 691)). Turning to the prejudice prong, the judge determined that because "[e]vidence concerning his anxiety disorder would likely not have led to the suppression of his incriminating statement, nor . . . affected the outcome of the trial," defendant failed to establish prejudice.

Next, the judge explained that defendant also "failed . . . to point to any individual person who would have provided an affidavit on his behalf," "failed to point to any specific information that would have been elicited by an

5                                                                    A-1110-19

individual," and failed to indicate "how that information would have affected the sentencing proceedings." Additionally, according to the judge, defendant failed to "point[] to any specific mitigating factors that may have been found by the trial court." Instead, defendant made "only . . . vague[ and] bald assertions." Finally, the judge determined defendant failed to "present any information regarding how the results of the trial may have been different had trial counsel visited him prior to trial to discuss the case." The judge explained that instead of asserting that he had "information unavailable to trial counsel that may have affected [counsel's] strategy," defendant "again . . . made a bald assertion."

On appeal, defendant renews the arguments rejected by Judge Picheca and argues he "made a very clear case that entitles him to an evidentiary hearing" on his IAC claim. However, the mere raising of a PCR claim does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, "view[ing] the facts in the light most favorable to a defendant," State v. Preciose, 129 N.J. 451, 463 (1992), PCR judges should grant evidentiary hearings in their discretion only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013); State v. Marshall, 148 N.J. 89, 158 (1997).

6

Moreover, "[a] court shall not grant an evidentiary hearing" if "the defendant's allegations are too vague, conclusory or speculative," R. 3:22-10(e)(2), and a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. Instead, he must support his claims with "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.; see also State v. Jones, 219 N.J. 298, 311-12 (2014) ("In order for a claim of ineffective assistance of counsel to entitle a PCR petitioner to an evidentiary hearing, 'bald assertions' are not enough—rather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" (quoting Porter, 216 N.J. at 355)).

We are satisfied that defendant failed to make a prima facie showing of IAC within the Strickland/Fritz test to warrant relief, and we discern no abuse of discretion in Judge Picheca's denial of his petition without an evidentiary hearing. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."); State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) ("[I]t is within our authority to conduct a de novo review of both the factual findings and legal conclusions of the PCR

court" where, as here, no evidentiary hearing was conducted (citations and internal quotation marks omitted)).

We agree with the judge that defendant's bald, conclusory, and unsupported assertions are fatal to his petition. Indeed, "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION